HARLAND *v.* BANKERS' & MERCHANTS' TEL. CO. *et al.*

*(Circuit Court, S. D. New York. 1887.)*

1. RECEIVER—PENDING MORTGAGE FORECLOSURE—AUTHORITY TO BRING SUIT.
    Although the order appointing a receiver *pendente lite* in mortgage foreclosure authorized him to bring such suits as he might be advised, he cannot maintain a suit in equity to obtain an adjudication that certain real property is subject to the lien of the mortgage, and that all liens claimed thereon by parties in possession and parties out of possession are invalid against him, and to obtain possession thereof, against one claiming adversely.

2. SAME.
    So far as the suit is in the nature of an equitable ejectment suit, it is not known to equity jurisdiction. So far as it relates to the other matters of the bill, the complainant has no interest, and as to him these matters present merely abstract questions.

3. EQUITY—JURISDICTION—PROPERTY IN ADVERSE POSSESSION—BILL TO TRY TITLE.
    Equity will not entertain a bill to try title to, and obtain possession of, property in the possession of one claiming adversely, although at the same time complainant seeks relief in the nature of removing clouds upon title.

In Equity.

Bill by Edward Harland, receiver *pendente lite* of the American Rapid Telegraph Company, for the possession and control of certain property in the hands of the receivers of the Bankers' & Merchants' Telegraph Company, to establish a lien upon certain stock pledged or mortgaged to the Farmers' Loan & Trust Company, and for other relief. This bill, at a former hearing, was dismissed without prejudice to the complainant to bring such other suit as he might be advised. For former opinion rendered by WALLACE, J., and facts therein stated, see 32 Fed. Rep. 305.

*William G. Wilson* and *Hamilton Wallis*, for complainant.

*Robert G. Ingersoll*, for Bankers' & Merchants' Tel. Co.

WALLACE, J. The case of *Davis* v. *Gray*, 16 Wall. 203, is authority to the effect that a court of equity, in the course of its ordinary jurisdiction, such as is exercised in a suit for the foreclosure of a mortgage, can confer upon a receiver all the powers and rights usually vested in statutory receivers of insolvent corporations; and that a receiver so appointed can maintain an action in his own name, and can enforce any right of property, legal or equitable, which is within the authority conferred upon him by the terms of the decree or order by which he was appointed. The order appointing the receiver in that case authorized him to sell and convey the mortgaged property, an authority which it can hardly be sup-

posed would be conferred by any court upon a receiver *pendente lite* except with the consent of both parties; and in that respect the case may be distinguished from the present, in which the receiver is merely a receiver *pendente lite*. But the principle of *Davis* v. *Gray* is sufficiently broad to sustain the complainant's contention that under the terms of the order by which he was appointed receiver he is entitled to maintain in his own name any suit involving the title or the right of possession to the mortgaged property, or the property of the mortgagor, which could be maintained if brought in the name of the mortgagor or the mortgagee. Nevertheless the former opinion that the present bill cannot be maintained remains unchanged. The objection of multifariousness is of secondary importance, and could be obviated by eliminating from the bill the objectionable matter. But if this were done the bill would remain one in which the relief sought of a court of equity is to compel the defendants to surrender possession of real estate. In other words, the suit would be practically and substantially an ejectment suit in equity founded in part upon a legal title and in part upon an equitable title. I know of no principle upon which relief of that character can be obtained in a court of equity. It would proceed upon the theory that the complainant, under the terms of the order appointing him, is entitled to the possession of all the real property legally or equitably belonging to the mortgagee, or to the American Rapid Telegraph Company; and as to part that the mortgagee has the legal title by its mortgage, and as to the rest that the American Rapid Telegraph Company has an equitable title. The complainant doubtless has no remedy at law, but this is because he has not a title upon which he can found ejectment. In one sense, such a suit might be deemed auxiliary to the foreclosure suit; but nevertheless, unless it falls under some recognized head of equitable jurisdiction, it could not be maintained.

The complainant has no interest in litigating the other matters of the bill, and, except as they are pertinent to the relief which may properly be sought in a foreclosure suit, they present merely abstract questions. The matters of the bill, so far as they relate to the lien of the mortgage, and the rights of the parties thereunder, should be the subject of a supplemental bill in the suit to foreclose the mortgage, or an original bill in the nature of a supplemental bill. Such a bill should contain appropriate allegations to show that the lien of the mortgage extends, or should be extended, to the after-acquired property of the American Rapid Telegraph Company; and should set forth the interests and claims of the defendants alleged to be subordinate to the mortgage; and should include in the prayer for relief that the after-acquired property be sold under the decree of foreclosure, and that all liens or equities of the defendants subsequent to the lien of the mortgage be barred and foreclosed. No doubt is entertained that it is competent, in a suit to foreclose a mortgage, to make one a defendant who claims to have an equitable or a legal title to the property prior in time or superior to the title of the mortgage, when, as in this case, the mortgagee asserts that such title is not prior in time or superior to the title under the mortgage, but arose subsequently, and

is subordinate thereto. If it should appear in such an action that a defendant has a prior legal title to, or a prior equitable lien upon, the property, of course a decree could not affect his rights, and the bill would have to be dismissed as to him. So, if it should appear that he claims by a title adverse to the mortgagor, undoubtedly the bill should be dismissed. In neither case would it be germane to a bill of foreclosure to litigate the right or title of the defendant to the mortgaged property. But where the mortgagee asserts that the defendant claims a title to the mortgaged property prior to his title, but that such title is really subsequent to the title under the mortgage, this question can be tried in a foreclosure suit, if the bill contains proper averments to show that the defendant's title is, in fact or law, subsequent to the title of the mortgagee. *Bank* v. *Flagg*, 3 Barb. Ch. 316; *Lewis* v. *Smith*, 9 N. Y. 514, 515.