### BROOKFIELD et al. v. HECKER et al.

(Circuit Court, S. D. New York.   October 7, 1902.)

1. JURISDICTION OF FEDERAL COURTS—SUIT BY RECEIVER—ANCILLARY PROCEEDINGS.

> A federal court which has appointed ancillary receivers for the property of a corporation within its jurisdiction has jurisdiction of a suit by such receivers in their own name to protect the business carried on by them from injury by unfair competition, also carried on within the state, without regard to the citizenship of the parties.

In Equity.   On demurrer to bill.   See 114 Fed. 1021.

Sullivan & Cromwell, Henry W. Clark, and William V. Rowe, for complainants.

Wilson & Wallis, for defendants.

TOWNSEND, Circuit Judge.   Complainants were appointed receivers by the court of chancery in New Jersey, and by the United States circuit court for the Southern district of New York, of a corporation organized under the laws of the state of New Jersey, and carrying on business in the state of New York.   The receivers bring this suit in their own names for infringement of trade-marks and unfair competition in trade.   Complainants claim that the court has jurisdiction notwithstanding the lack of diverse citizenship, on the ground that the courts which appoint receivers have the power to protect the assets in their possession; citing Porter v. Sabin, 149 U. S. 473, 479, 13 Sup. Ct. 1008, 37 L. Ed. 815, and Pope v. Railway Co., 173 U. S. 575, 19 Sup. Ct. 500, 43 L. Ed. 814.

Defendants demur on two grounds:

First, that a trade-mark is property, and must be held to be located where the corporation was incorporated, viz., New Jersey; that the decree of the said United States circuit court for the Southern district of New York appointing the complainants ancillary receivers only appointed them, and could only appoint them, receivers of the property in that district; and that, therefore, the court has no jurisdiction. If the suit concerned tangible property situated in New Jersey, this contention might be well founded.   This suit is brought not merely or principally on the ground of a technical trade-mark, but to pro-

¶ 1. Jurisdiction of suits by and against receivers in federal courts, see note to Plow Works v. Finks, 26 C. C. A. 49.

tect the business carried on in New York against unfair competition, also carried on in New York, and this court, having charge of the assets and the business, has jurisdiction of such a suit in accordance with the principle enunciated in the cases cited.

The second ground of demurrer is that the complainants are receivers pendente lite, and have no title to the property of the corporation, and have no right to maintain any suit in their own names for the determination of the title to the property. It is unnecessary to consider this question, as this is not a suit to obtain title to property. It is a suit to restrain injury to the business now carried on by the receivers, and the right to bring it in the name of the receivers is sustained on the authority of Davis v. Gray, 16 Wall. 203, 21 L. Ed. 447; Harland v. Telegraph Co. (C. C.) 33 Fed. 199.

The demurrer is overruled.