De Ruyter *v.* The Trustees of St. Peter's Church.

DE RUYTER *vs.* THE TRUSTEES OF ST. PETER'S CHURCH, and others.

Where a person who has an equitable interest in a building erected upon premises belonging to another, by having advanced money for the erection thereof, is in possession of the premises, under an agreement with the owner, at the time of the execution of a mortgage thereon to a third person, and continues in possession down to the time of the sale of the premises, by a master, under a decree obtained in a suit brought to foreclose such mortgage, the complainant in the foreclosure suit, and the purchaser at the master's sale, are bound to take notice of the equitable rights of the tenant, if any such exist; such possession being constructive notice to them of his rights.

The equitable claim of the person in possession, under such circumstances, will not be cut off by the foreclosure of the mortgage, and the sale of the premises, unless he was made a party to the foreclosure suit. And he may still enforce such claim

De Ruyter v. The Trustees of St. Peter's Church.

against the mortgaged premises, in the hands of the purchaser at the master's sale.

Where it does not appear that a person who was in possession of mortgaged premises claiming to have an equitable interest therein, prior to the mortgage, was a party to a suit brought to foreclose such mortgage, the purchaser at the master's sale will be presumed to have bid upon the property with reference to such claim of the tenant in possession; and it will be presumed that the amount of the proceeds of the sale were diminished pro tanto.

Accordingly, the tenant will have no claim upon the surplus moneys arising from the sale of the mortgaged premises, under the decree of foreclosure; such proceeds not having been produced by a sale of the equitable interest of the tenant in the premises.

Whether a parol agreement, made by the trustees of an incorporated religious society, with an individual, for the right to use the real estate of the corporation, and an advancement of money for the erection of buildings on such real estate, and the taking possession of the premises pursuant to such agreement, will give to such person an equitable interest in the permanent use and possession of the premises, without rent? Quære.

Where a person has an equitable lien upon the surplus moneys, arising from the sale of mortgaged premises under a decree of foreclosure, his proper course is to deliver notice of his claim to the master who makes the sale, or to file it with the clerk in whose office the surplus moneys are deposited by the master. Or in case an order of reference has been entered, upon the application of some other claimant, before he is aware of his rights, he should then go before the master, upon the reference, and present and establish his claim there. And where he neglects to do so, without any excuse, the court will not settle his right to such surplus moneys, upon petition.

THIS was an appeal, by the petitioner Mary Ann Ely, from an order of the vice chancellor of the first circuit, denying the appellant's petition with costs. The petitioner stated, among other things, that she was one of the members of a religious society devoted to the education and amelioration of the condition of the children of poor and indigent parents; that about five years before the giving of the mortgage upon the house and lot in Barclay-street, in the city of New-York, to the complainant in this cause, the trustees of St. Peter's church, a religious corporation which then was the owner of the lot, represented to her that the building which the corporation was about to erect upon the lot was to be used as a school house for poor children; and that it might be occupied as such by her, or any other member of the society to which she belonged, who

De Ruyter *v.* The Trustees of St. Peter's Church.

was willing to occupy the same as a school house ; that, in consequence of such representations, she advanced to the treasurer of the corporation $3750, to assist in the erection of the said house ; that the moneys so advanced by her were received and accepted by the trustees, under an agreement or understanding that the house was to be used and occupied by her, and other members of the society to which she belonged, for the purposes of a school ; and that the moneys so advanced by her were actually applied and expended by the trustees, in the erection and completion of such school house. The petitioner further stated that upon the completion of the house, possession thereof was delivered to her, to be used by her and her associates for the purpose of a school, and that she so used the same, pursuant to her agreement with the trustees, up to the time of the sale thereof under the decree of foreclosure in this cause ; that upon the sale the premises produced a surplus of about $2500 ; that the corporation had become insolvent, and, previous to the master's sale, had made an assignment of all its property to trustees for the payment of its debts ; and that the assignees, and Eliza Gallagher, Alice Lalor and others, who were judgment creditors of the corporation, had filed their claims to the surplus moneys. She therefore prayed for an order directing the payment of the surplus moneys to her, or for such other relief in the premises as she might be entitled to. The plaintiffs in the two judgments, who were named in the petition, had notice of the presentation thereof, and appeared by their counsel and put in affidavits stating their claims to the surplus moneys, as judgment creditors of the corporation. They also showed that at the time the petition was sworn to, no proceedings had taken place before the master ; so that the petitioner might have come in and proved her lien before him, if she had in reality any valid claim to the surplus moneys.

*J. E. Develin,* for the appellant.

*L. Livingston,* for the respondents.

THE CHANCELLOR.    The equitable interest of the appellant, in the property sold under the decree in this cause, if she had any, was prior to the execution of the complainant's mortgage.    And as her petition states that she was in possession of the premises at that time, under her agreement with the trustees of the corporation, and down to the time of the sale by the master, the complainant and the purchaser at the master's sale were bound to take notice of her equitable rights, if any such existed ; such possession being constructive notice to them. (*Chesterman* v. *Gardner,* 5 *John. Ch. Rep.* 29.    *Grimstone* v. *Carter,* 3 *Paige's Rep.* 421.    *Gouverneur* v. *Lynch,* 2 *Idem,* 300.    *Brown* v. *Anderson,* 1 *Monro's Rep.* 201.    *Tuttle* v. *Jackson,* 6 *Wend. Rep.* 226, *and cases there cited.*)    Her equitable claim upon the property, therefore, was not cut off by the foreclosure and sale, unless she was made a party to the foreclosure suit ; and she may still enforce it against the house and lot, in the hands of the purchaser, who bought the same at the master's sale with constructive notice of all the equitable rights which her advance of the $3750, and the taking possession of the premises under the alleged agreement with the trustees of the corporation, gave her.    It does not appear by the petition, or otherwise, that the appellant was a party to the foreclosure suit.    The purchaser, therefore, must be presumed to have bid upon the property with reference to her claim to an equitable interest therein prior to the giving of the mortgage, and at the time of the sale, and that the amount of the proceeds of the sale was diminished pro tanto.    For this reason she has no claim upon these surplus moneys ; which have not been produced by the sale of her equitable interest in the premises.    It is not necessary, therefore, to inquire whether a parol agreement with the trustees, and the advancement of her money and taking possession pursuant to such agreement, could give her an equitable interest in the permanent use and possession of real estate, without rent, where the trustees with whom she dealt could not themselves sell their interest in the estate without a previous order of the chancellor.    (*Laws of* 1817, *p.* 241, § 1.)

Again ; if the complainant had any equitable lien upon the

surplus moneys in this case, which I think she had not, her proper course, under the rule of this court, was to deliver the notice of her claim to the master who made the sale, or to file it with the clerk in whose office the surplus moneys were deposited by the master. Or, in case an order of reference had been entered, upon the application of some other claimant, before she was aware of her rights, she still was authorized to go before the master, upon the reference, and to present and establish her claim there. (*Hulbert* v. *McKay,* 8 *Paige's Rep.* 654.) That course was still open to her when the petition in this cause was sworn to; and no reason is stated in her petition for subjecting the other claimants to the expense of coming here to oppose her application for the surplus moneys, upon affidavits. The vice chancellor, therefore, upon being satisfied that the petitioner had no equitable lien upon the surplus moneys, might very properly have charged her with those expenses.

The order appealed from must be affirmed, with costs.