## THE BANK OF ORLEANS *vs.* FLAGG and others.

Where a person executes a mortgage upon premises which he has previously con-
tracted to sell to another, and the mortgagees file a bill to foreclose such mortgage,
making the purchaser a party thereto, if they mean to insist that they are entitled
to a preference over such purchaser, as bona fide mortgagees without notice, the
bill should state that such purchaser claims an interest under a contract, or a pre-
tended contract, to purchase, prior to the mortgage; and it should also allege that
if he had any such interest the complainants had no notice thereof at the time
they took their mortgage. And the bill should show the other facts which are ne-
cessary to entitle the complainants to protection as bona fide purchasers.
Where a purchaser of premises is in the actual possession thereof, by his tenant, at
the time of the giving a mortgage thereon to others, by the vendor, such pos-
session is constructive notice to the mortgagees, of the equitable rights of such
purchaser; and they are not entitled to protection as bona fide mortgagees with-
out notice of his rights.

THIS was an appeal by N. A. Graves, one of the defendants in this cause, from a decree of the vice chancellor of the eighth circuit. The facts of the case, as they appeared upon the pleadings and proofs, were as follows: James M. Flagg was the owner of a house and lot in the village of Albion, Orleans county, which he had leased to N. Bedell for a year, to commence on the first of May, 1842. On the 18th of April, 1842, Flagg entered into an agreement, in writing, to sell the prem-

ises to Graves for $1150; of which $100 was paid at the execution of the agreement, and the residue was to be paid in quarter-yearly instalments. of $50 each, with annual interest. The first two quarterly payments were to be secured by notes, upon the execution of the deed, and the other instalments by a mortgage upon the premises. On the same day that the agreement was executed, Flagg assigned to Graves the lease; or rather, the counter agreement of Bedell, the lessee, for the payment of the rent of the premises. And on the 22d of April Bedell went into possession, under Graves, and was in possession as his tenant from that day, and at the time of the giving of the mortgage, to the complainants, hereafter mentioned.

On the 3d of May, 1842, Flagg mortgaged the premises to the Bank of Orleans, to secure the payment of his note of the same date, for $1100, payable in three months, and such note or notes as might be given in renewal thereof. This note not having been paid at the time it became payable, the complainants filed their bill against James M. Flagg and wife in August, 1842, and making Graves and Bedell also defendants in the suit; the bill merely stating in reference to their interest in the premises, that they had, or claimed some interest in the mortgaged property, or in some part thereof, as purchasers, mortgagees, or otherwise, which interests, if any, had accrued subsequent to the lien of the complainants' mortgage, and were subject thereto. The bill was taken as confessed against Flagg and wife and Bedell. Graves put in his answer, denying that he claimed an interest in the premises subsequent to the lien of the mortgage, or subject thereto, but setting up his agreement with Flagg for the purchase of the property, the payment of a part of the consideration money, the assignment of the interest of Flagg under the lease, and the possession of the premises by Bedell, as Graves' tenant, at the time of the execution of the complainants' mortgage. The cause was heard upon pleadings and proofs, as to Graves, and upon the bill taken as confessed against the other defendants; and upon the master's report as to the amount due on the mortgage, the amount then due upon the contract of sale and purchase between Flagg and

Graves, of the 18th of April, 1842, and the amounts which would subsequently become due thereon.

The vice chancellor made a decree for the sale of the mortgaged premises, and for the payment of the whole of the complainant's debt and costs out of the proceeds of the sale. But such decree contained a provision that if the defendant, Graves, should pay the amount which had already become due upon his contract before the sale, and should thereafter pay the instalments as they became due, then the premises should not be sold, but the complainants should pay the costs of Graves.

*A. Taber*, for the appellant.

*H. R. Selden*, for the respondent.

THE CHANCELLOR. The bill in this cause was not properly framed to enable the complainants to litigate the question whether they were entitled to a preference over the contract of Graves, as bona fide mortgagees, without notice of his rights. To enable them to litigate that question, instead of alleging, falsely, that he had or claimed some interest in the premises, which had accrued subsequent to their mortgage, the bill should have stated that he claimed an interest under a contract or a pretended contract to purchase, prior to the mortgage. And then the complainants should have alleged that if he had any such interest they had no notice thereof at the time they took their mortgage, and they should also have stated the necessary facts to entitle them to protection as bona fide purchasers. The bill, therefore, ought to have been dismissed as to Graves, even if the complainants had made the necessary proofs to show that they were bona fide mortgagees without notice.

But in this case they were not entitled to protection as bona fide mortgagees without notice. For the evidence clearly shows that at the time of the giving of the mortgage, Graves was in possession of the premises by his tenant; who had been put in actual possession of the house and lot, by Graves, prior to the date of the mortgage. This, in equity, was constructive notice

of the rights of Graves; and if the officers of the bank had made the proper inquiries of the tenant in possession, they would, necessarily, have been led to the knowledge of the fact that Graves had, or claimed, some interest in the premises.

The decree is clearly erroneous as to the appellant, as it com pels him to make the payments under his contract, without getting the title to the premises which he contracted for, or to lose, not only his costs of defending this suit, but all interest under the contract. After he shall have made all the payments under the contract, he may be subjected to great trouble and expense, and perhaps of a chancery suit with an insolvent, to obtain title to the premises. By the terms of the contract Graves was entitled to a warranty deed of the premises, free from incumbrances, before he was bound to pay, or secure the payment of the residue of the purchase money of the premises. The proper course for the complainants, instead of making Graves a defendant, and making a false charge against him as having acquired an interest in the premises subsequent to their mortgage, would have been to give him notice of their rights, as mortgagees, to the unpaid purchase money upon the contract, so that he might not pay it to Flagg; and then, to file his bill against Flagg and his wife, alone, to foreclose the mortgage. The purchaser, upon a sale under the decree in such a suit, would have acquired the legal title to the land, and all the right which Flagg before had to the unpaid purchase money. Such purchaser under the decree would then have been in a situation to give a good title to the premises, and could have compelled Graves specifically to perform the contract which he had made with Flagg. Or he might have ejected Graves from the premises, if he refused to comply with the terms of the contract on his part.

The same decree, in substance, could and ought to have been made, upon this bill; so as to protect the legal and equita ble rights of both parties. The decree appealed from must therefore be reversed, with costs, so far as it affects the rights of Graves under his contract; and the bill must be dismissed, as to him, with costs. The decree must direct a foreclosure

and sale of all the interest of the other defendants who have suffered the bill to be taken as confessed ; with the usual decree over against Flagg for the deficiency, if any. The decree must also declare that the dismissal of the bill shall be without prejudice to the rights of the complainants, or the purchaser under the decree, as against the other defendants, to demand and compel a specific performance of the contract of the 18th of April, 1842, by the defendant Graves, or any person claiming the premises under him ; or to bring any suit, either at law or equity, or under the code of procedure, for relief, upon giving or offering to give to him a good and unincumbered title to the premises, with covenants of warranty, as specified in such contract.