ELIAS G. BROWN, Appellant, *v.* HENRY L. VOLKENING, impleaded, etc., Respondent.

One who seeks to establish a right in hostility to a recorded title to or security upon land, under and by virtue of a prior unrecorded conveyance or prior equities, must show actual notice to the subsequent purchaser of his rights, or prove circumstances such as would put a prudent man upon his guard and from which actual notice may be inferred and found.

The possession which will be equivalent to actual notice to a subsequent purchaser must be an actual, open and visible occupation, inconsistent with the title of the apparent owner by the record; not equivocal, occasional, or for a special or temporary purpose. Constructive possession will not suffice.

The principle of constructive notice will not apply to an uninhabited and unfinished dwelling-house. (FOLGER, J., dissents.)

One asserting a right under a mortgagor prior to the mortgage, is a proper party to an action for foreclosure of the mortgage and the question of priority is proper to be determined in the action.

(Argued January 20, 1876; decided February 1, 1876.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of defendant Volkening, entered upon a decision of the court.

This action was brought for the foreclosure of a mortgage given by Decker to plaintiff upon a house and lot in the city of New York. The answer of defendant Volkening, who

alone defended, alleged, among other things, that at the time plaintiff's mortgage was executed he was the equitable owner of the premises, and that before the commencement of this action the same were conveyed to him by Decker.

He further alleged and proved that, prior to the execution of the mortgage in January, 1872, Decker, who was then building, upon the premises in question and upon adjoining lots owned by him, nineteen dwelling-houses, agreed with Volkening to sell him the premises, the consideration to be paid in mantels, mirrors and hall tiling to be furnished by Volkening for the nineteen houses, Decker agreeing to complete the house and deed it to Volkening on the first day of May, then next; that Volkening fully performed the agreement on his part. Said defendant also alleged that prior to the execution of the mortgage he had taken possession of the premises under said agreement, and that, at the time of taking his mortgage, plaintiff had full notice of all the facts and of defendant's rights and equities. Upon the subject of possession the court found as follows:

" That prior to the execution of the mortgage in said complaint mentioned, and on or about the 15th day of June, 1872, said Decker had surrendered the keys of the house to said Volkening and said Volkening had entered into and had the actual and exclusive possession of the premises in said mortgage mentioned and described as purchaser thereof, under and in pursuance of an agreement made and entered into by and between him and said Peter P. Decker, in January, 1872, for the sale and conveyance thereof by said Decker to him, and had made various alterations and improvements in the dwelling-house thereon exceeding, $2,000 in value, and had, prior to July, 1872, so far performed said agreement on his part and paid the full consideration in said agreement mentioned, that he had become entitled to a specific performance thereof by said Peter P. Decker, and to a conveyance to him by said Decker and wife, free from any such incumbrances thereon as that subsequently attempted to be created by the said mortgage to the plaintiff.

That such possession of said Volkening so continued, and at the time of the execution of said mortgage was actual and exclusive and could have been easily ascertained by the plaintiff by inquiry on said premises."

And, as matters of law:

" That such possession of said premises by said Volkening, as such equitable owner, was notice to the plaintiff of his rights ; that the plaintiff was not a purchaser or incumbrancer of the said premises in good faith, and that the mortgage was not a valid lien, as against Volkening, and thereupon directed a dismissal of the complaint as to him." Judgment was entered accordingly. Further facts appear in the opinion.

*Amasa J. Parker* for the appellant. There was no possession on the part of Volkening that was equivalent to actual notice to plaintiff. (3 Wash. on R. P. [3d ed.], 123 ; 4 Kent, 2 id., 203 ; *Cook* v. *Travis*, 20 N. Y., 400, 402 ; *Chesterfield* v. *Gardner*, 5 J. Ch., 29 ; *Gouverneur* v. *Lynch*, 2 Paige, 300 ; *Freeman* v. *Freeman*, 43 N. Y., 34 ; *Grimstone* v. *Carter*, 3 Paige, 421–424; *Tuttle* v. *Jackson*, 6 Wend., 213 ; *Norcross* v. *Widgery*, 2 Mass., 508 ; *De Ruyter* v. *Trustees, etc.*, 2 Barb. Ch., 555 ; *Brice* v. *Brice*, 5 Barb., 533 ; *Buck* v. *Holloway's Devisees*, 2 J. J. Marsh., 180 ; *Troup* v. *Hurlbut*, 10 Barb., 354 ; *Moyer* v. *Hinman*, 3 Kern., 180 ; *Webster* v. *Van Steenbergh*, 46 Barb., 211 ; *Merithrew* v. *Andrews*, 43 N. Y., 34 ; *Trustees, etc.*, v. *Wheeler*, 59 Barb., 585 ; *Rupert* v. *Mack*, 15 Ill., 540 ; *Colby* v. *Kenniston*, 4 N. H., 262 ; *Patten* v. *Moore*, 32 id., 382 ; *Campbell* v. *Brackenbridge*, 8 Blackf., 471 ; *Coleman* v. *Barklew*, 3 Dutch., 357 ; *Holmes* v. *Stout*, 2 Stoct., 419 ; *McMeehan* v. *Griffing*, 3 Pick., 149 ; *Fassett* v. *Smith*, 23 N. Y., 252 ; *Emmons* v. *Murray*, 16 N. H., 385 ; *Smith* v. *Yule*, 31 Cal., 180 ; *Bell* v. *Twilight*, 32 N. H., 500 ; *Wygatt* v. *Elam*, 23 Geo., 201 ; *Truesdale* v. *Ford*, 37 Ill., 210 ; *Billington* v. *Welsh*, 5 Bin., 129 ; *White* v. *Wakefield*, 7 Sim., 401.) The onus was on defendant to show that plaintiff was a purchaser with notice, and such proof must be

clear and satisfactory beyond doubt. (*Ware* v. *Egmont*, 4 De G., M. & G., 460; 1 Phil. Ev., 501; Broom's Leg. Max. [6th Am. ed.], 699; *Jackson* v. *Burger*, 10 J. R., 426; *Williamson* v. *Brown*, 15 N. Y., 354; *Fort* v. *Burch*, 6 Barb., 60; *Newton* v. *McLean*, 41 id., 288; *Wilson* v. *McCullock*, 23 Penn. St., 440; *Dey* v. *Dunham*, 2 J. Ch., 182; *Jackson* v. *Van Valkenbergh*, 8 Cow., 260; *Cambridge Val. Bk.* v. *Delano*, 48 N. Y., 326; 2 Sugd. V. and P. [8th Am. ed., 1873], 484, 485; *Butler* v. *Stevens*, 26 Me., 484; *Mara* v. *Pierce*, 9 Gray, 306.) Defendant was bound to show that plaintiff knew of possession by Volkening. (*Chesterman* v. *Gardner*, 5 J. Ch., 29; *Grimstone* v. *Carter*, 3 Paige, 421; *Stuyvesant* v. *Hall*, 2 Barb. Ch., 151; *Troup* v. *Hurlbut*, 10 Barb., 354; *Gouverneur* v. *Lynch*, 2 Paige, 300; *Tuttle* v. *Jackson*, 6 Wend., 213–226; *De Ruyter* v. *Trustees, etc.*, 2 Barb. Ch., 555–558; *Brice* v. *Brice*, 5 Barb., 533; *Williamson* v. *Brown*, 15 N. Y., 354; *Cook* v. *Travis*, 20 id., 400; *Fassett* v. *Smith*, 23 id., 255; *Williamson* v. *Brown*, 15 id., 361; *Newton* v. *McLean*, 41 Barb., 288; *Merithrew* v. *Andrews*, 44 id., 200; *Baker* v. *Bliss*, 39 N. Y., 70; *Jones* v. *Smith*, 1 Hare, 55; *Le Neve* v. *Le Neve*, Amb., 436; *Miles* v. *Langley*, 1 R. & Myl., 39; *Rogers* v. *Jones*, 8 N. H., 264; *Nutting* v. *Herbert*, 37 id., 346.) If no actual knowledge of facts is shown, it must appear that the party willfully neglected inquiry to avoid information to an extent to show fraud. (*Kellogg* v. *Smith*, 20 N. Y., 18; *Baker* v. *Bliss*, 39 id., 70; *Curtis* v. *Munday*, 3 Metc., 405; *Doyle* v. *Tras*, 4 Seam., 202; *Holmes* v. *Stout*, 2 Stockt., 419; *Dey* v. *Dunham*, 2 J. Ch., 182; *Jackson* v. *Burgot*, 10 J. R., 462; 1 Story Eq., § 397.)

*Samuel Hand* for the respondent. The actual possession of the premises by defendant, under the contract with Decker, was notice to all of all his equitable rights in and title to the premises. (*Moyer* v. *Hinman*, 3 Kern., 180; *Bk. of Orleans* v. *Flagg*, 3 Barb. Ch., 316; *Tuttle* v. *Jackson*, 6 Wend., 213–226; *Gouverneur* v. *Lynch*, 2 Paige, 300;

*De Ruyter* v. *Trustees, etc.,* 2 Barb. Ch., 555; *Trustees, etc.* v. *Wheeler,* 59 Barb., 585; 4 Kent's Com. [2d ed.], 203; *Laverty* v. *Moore,* 33 N. Y., 658.) It was not necessary that there should be a living in and dwelling upon the premises. (*French* v. *Carhart,* 1 Comst., 107; *Harsha* v. *Reid,* 45 N. Y., 418.) It was not necessary that the possession of the equitable owner must be known by the purchaser. (6 Wend., 226; 2 Paige, 300; 2 Barb. Ch., 558; 5 Barb., 533–548; 59 id., 616, 617.)

ALLEN, J. The findings of fact by the learned judge by whom the action was tried are equivocal. Read as a whole, they only imply of necessity a constructive possession of the premises, a mere power over them by the respondent. They come far short of showing an actual use and occupation by him. The delivery of the possession to him by Decker was symbolical, by a surrender of the keys of the house, and the actual and exclusive possession, and the expenditure of moneys in making alterations and improvements in the house as stated in the findings, must be regarded in the connection in which the statements are found, as but the continuance of that constructive possession commenced and evidenced by the delivery of the keys. The cautious finding or statement of the judge that such possession, so continued, could have been easily ascertained by the appellant by inquiry on said premises, without indicating that there was an actual occupant of whom such inquiry could have been made, tends strongly to show that the learned judge used the word possession, as distinct from that of actual occupation, and in its strictly technical sense. Possession means simply the owning or having a thing in one's own power; it may be actual, or it may be constructive. Actual possession exists where the thing is in the immediate occupancy of the party; constructive is that which exists in contemplation of law, without actual personal occupation.

Had the judge intended to find an actual, visible occupation of the premises by the respondent, he would, with his

usual accuracy, have so found, in terms, and not by argument found a possession merely, which from the circumstances stated as establishing such possession, show a constructive possession, as that term is understood in the law. If the evidence is referred to, to give effect to the findings and judgment, it entirely fails to establish any thing more than the merest constructive possession in the respondent, and that of a very doubtful character. So that, while in cases where the findings of fact are doubtful and may be insufficient unexplained, to sustain the judgment, the evidence may be resorted to in aid of the interpretation and in support of the judgment; a reference to the testimony in this case shows that a finding of actual and visible occupation, such an occupation as is required (as well in law as in equity) to break in upon the registry laws, would have been without evidence and erroneous.

The testimony, viewed in its most favorable light for the respondent, shows that he did not at any time accept the house from Decker, his grantor, as finished and completed until long after the mortgage to the plaintiff; that until late in the fall he was urging Decker to complete the house as he had agreed, and complaining that it was not done, and did not accept the deed thereof until November. The work which he did upon the house after the delivery of the keys in June, was performed by mechanics and laborers, and substantially in the execution of his agreement with Decker, for work upon the nineteen houses which Decker was building, including the one upon the mortgaged premises. The fact that the work put upon the house in question by the respondent, was of a better character and more expensive than was put upon the other houses, or than he was bound to put upon this, did not vary the character of the act, or give any particular significance to it as affecting the plaintiff, or third persons. Whether Decker had or had not men at work upon the house during the same time may be doubtful upon the evidence, and the fact is not found. The only possession of the respondent was by having laborers and mechanics at work

upon an unfinished house, one of a block of nineteen houses, the record title to which was in Decker, and to which the respondent had no paper title, with nothing to indicate any difference in the proprietorship or the direction of the work between this house and any of the other eighteen houses. There was no one remaining or staying permanently in the house until long after the giving of the mortgage to the plaintiff. It was an unfinished and unoccupied house.

In view of the undisputed evidence, and of the peculiar language of the findings of fact, we are constrained to hold that an actual, visible occupation of the premises by the respondent, was neither proved or found, and had the fact been so found by the judge it would have been error for which the judgment would have been reversed. The protection which the registry law gives to those taking titles or security upon land upon the faith of the records, should not be destroyed or lost, except upon clear evidence showing a want of good faith in the party claiming their protection, and a clear equity in him who seeks to establish a right in hostility to him. Slight circumstances, or mere conjecture, should not suffice to overthrow the title of one whose deed is first on record. The statute makes void a conveyance not recorded only as against a subsequent purchaser in good faith and for a valuable consideration. (1 R. S., 756, § 1.) Actual notice of a prior unrecorded conveyance, or of any title, legal or equitable, to the premises, or knowledge and notice of any facts which should put a prudent man upon inquiry, impeaches the good faith of the subsequent purchaser.

There should be proof of actual notice of prior title, or prior equities, or circumstances tending to prove such prior rights, which affect the conscience of the subsequent purchaser. Actual notice, of itself, impeaches the subsequent conveyance. Proof of circumstances, short of actual notice, which should put a prudent man upon inquiry, authorizes the court or jury to infer and find actual notice. The character of the possession which is sufficient to put a person upon inquiry, and which will be equivalent to actual notice of

rights or equities in persons other than those who have a title
upon record, is very well established by an unbroken current
of authority. The possession and occupation must be actual,
open and visible; it must not be equivocal, occasional, or for
a special or temporary purpose; neither must it be consistent
with the title of the apparent owner by the record.

In *Moyer* v. *Hinman* (3 Kern., 180) the plaintiff was in
actual possession of farming lands, under a contract of pur-
chase, and that circumstance was held notice to all persons
who had subsequently become interested in the premises, of
all the plaintiff's rights under his contract. *De Ruyter* v.
*The Trustees of St. Peter's Church* (2 Barb. Ch., 555) was a
case of actual possession and use of the premises, and such
possession was held constructive notice of the rights of the
occupant. *Gouverneur* v. *Lynch* (2 Paige, 300) was like
*Moyer* v. *Hinman* (*supra*). Chief Justice PARSONS, in *Nor-
cross* v. *Widgery* (2 Mass., 508), says: "This notice may be
express, or it may be implied from the first purchaser being in
the open and exclusive possession of the estate under his
deed." The same doctrine is held in *Colby* v. *Kenniston* (4
N. H., 262), and both cases are cited with approval by the
chancellor in *Tuttle* v. *Jackson* (6 Wend., 213). In *The
Bank of Orleans* v. *Flagg* (3 Barb. Ch., 316) it was held
that the actual possession of the premises by the tenant of a
purchaser was constructive notice to subsequent mortgagees
of the equitable rights of such purchaser. I have met with
no case in which any thing short of actual, visible, and as is
said in some cases, notorious possession of premises, has been
held constructive notice of title in a claimant. (See *Chester-
man* v. *Gardner*, 5 J. Ch., 29; *Grinstone* v. *Carter*, 3 Paige,
421; *Cook* v. *Travis*, 20 N. Y., 400; *Webster* v. *Van Steen-
bergh*, 46 Barb., 212.) All the cases agree that notice will
not be imputed to a purchaser except where it is a reasonable
and just inference from the visible facts. Neither will the
principles of constructive notice apply to unimproved lands,
nor to cases where the possession is ambiguous or liable to be
misunderstood. (*Patten* v. *Moore*, 32 N. H., 382.) It should

not apply within the same principle to an uninhabited and unfinished dwelling-house; there must be a possession actual and distinct, and manifested by such acts of ownership as would naturally be observed and known by others.

The using of lands for pasturage or for cutting of timber is not such an occupancy as will charge a purchaser or incumbrancer with notice. (*Coleman* v. *Barklew*, 3 Dutch., 357; *McMechan* v. *Griffing*, 3 Pick., 149; *Holmes* v. *Stout*, 10 N. J. Eq., 419; see also, *Fassett* v. *Smith*, 23 N. Y., 252.)

It cannot be said, either upon the cautious findings of the learned judge or upon the evidence, that the respondent was the open, actual occupant of the houses, either by himself or by tenants, or that there were any open, visible acts of ownership, by the respondent, of the mortgaged premises, which the public or third persons would be likely to notice, or which would suggest an inquiry into his claim, or which would evince bad faith or gross neglect should a party dealing in respect to the premises neglect to make inquiry.

The judgment should be reversed and a new trial granted.

To obviate an objection suggested by the learned counsel for the appellant, and which may be made upon a second trial, although not made before, it is proper to state that Volkening was a proper party defendant, and his rights can properly be determined in this action. Whether his equities are prior and superior to the rights of the plaintiff under his mortgage, or junior and subordinate thereto, must necessarily be determined in the judgment for a foreclosure of the plaintiff's mortgage. (*Bank of Orleans* v. *Flagg*, *supra*.) Volkening is not contesting the title of the mortgagor, but simply asserts a right under him prior in point of time to the mortgage. The question of priority between the two is necessarily involved in the action, and proper to be determined in it.

CHURCH, Ch. J., RAPALLO and MILLER, JJ., concur. ANDREWS and EARL, JJ., concur in result, on the ground that the evidence does not warrant a finding of actual and exclusive occupation by Volkening prior to or at the time plaintiff's mortgage was executed. FOLGER, J., dissents.

Judgment reversed.