Beckwith, C. J.
—This is an action for the determination of claims to real property, pursuant to article 6, title 1, chapter 14 of the Code of Civil Procedure.
On the trial a verdict was directed for the plaintiff, and the exceptions ordered to be heard in the first instance, at the general term.
*62 Both parties claim the ownership of the property through mesne conveyances from the late Catharine Gittere, as the common source of title. After the decease of Catharine Gittere an action of partition was instituted by her heirs, judgment obtained and the premises in question sold by a referee appointed therein for the purpose, and the plaintiff in the action acquired her title from the purchaser at that sale.
The defendant, on the other hand, claims under a succession of conveyances by deed from the said Catharine Gittere, that is to say, it was admitted, or the defendant offered to prove on the trial, that the said Catharine Gittere, in her life-time, her husband' uniting, conveyed the land to Peter G. Gittere, by a deed dated October 6, 1875, and recorded July 10, 1880; that Peter G. Gittere and wife conveyed the premises to M. B. Gittere by a deed dated July 8, 1880, and recorded July 10, 1880; that M. E. Gittere conveyed the property to Elizabeth Gittere by a deed dated November 17, 1880, which was recorded September 2Í, 1881, nearly three months after the action for partition was commenced; that Elizabeth Gittere, who was the wife of the defendant, devised the property to the defendant.
The partition action was commenced July 1, 1881, and lis pendens filed the same day. In that action, M. E. Gittere was made a party defendant; but at that time her grantee under the unrecorded deed of November 17, 1880, namely, Elizabeth Gittere, was in possession of the premises, by her tenant. In the action of partition the deeds from Catharine Gittere to Peter G. Gittere, and from Peter G. Gittere to M. E. Gittere, were adjudged fraudulent and void. Neither Elizabeth Gittere, nor her tenant, was made a party to that action.
It is claimed by the plaintiff, and so the trial court in this action decided, the defendant excepting, that the judgment in the action for partition bound the defendant therein, M. E. Gittere, and those deriving title from her, and that the defendant is concluded, inasmuch as the deed to Elizabeth Gittere, who devised the property to him, was not recorded till after lis pendens was'filed in the partition action. The trial judge, in directing a verdict for the plaintiff, said: “The ground on which I direct a verdict is, that the deed having been made and executed, but not recorded until after the filing of the notice of lis pendens, she was bound to talo notice of the pendency of that action, and unless, she came in and defended, or was made a party on her application, that the effect of such filing was to bind her by whatever judgment was pronounced.”
The deed of M. E. Gittere was recorded, and in the defendant’s chain of title was the last deed on record, and *63 looking at the statute (Code, § 1671), which provides that from the filing of the lis pendens, the pendency of the action should be constructive notice to the purchaser from a defendant, etc., it would be difficult to see wherein the ruling of the judge was not correct, especially in. view of the final portion of the section, which declares that a person whose conveyance is subsequently recorded is bound by all proceedings taken in the action after filing notice, to the same extent as if he was a party to the action.
But the authorities in this state seem to sustain the position of the defendant. The defendant offered to prove title in himself, through various conveyances from Peter G. Gittere to himself, which offer was excluded. For the purposes of this review, it must be assumed that he could prove such title, and the deeds of conveyances under which he claims, if valid, show a title prior in origin and superior in right to that of the plaintiff. In Lamont v. Cheshire (65 N. Y., 30), it was held in a case like the action for partition, above-mentioned, that a judgment would not operate to destoy the rights of a person in possession of the real property who was not made a party to the action.
In that case great stress was put on the last clause of section 1671 to the effect that the judgment would bind the person whose deed was subsequently recorded, to the same extent as if he was made a party to the action, and upon the doctrine of that case it could be claimed now by this defendant, that if Elizabeth Gittere had been made a party, the judgment could not have affected her rights inasmuch as her title was prior and superior to that of the plaintiff, and her claim could not have been cut off by the judgment, and that the purchaser under the judgment in partition would take, subject to the claim and title of the defendant. Whether or not the words, “to the same extent as if he was made a party to the action,” were intended to bear any such meaning as that given in Lamont v. Cheshire, by which the effect of the notice is limited by a retrospective regard of the superior rights of a person not made a party; there is, nevertheless, another ground mentioned in that case, upon which, it would seem, the defendant in the case at bar can stand, and that is, that the possession of the premises by the defendant’s devisor was notice of her title, and that, therefore, the plaintiff in the partition action and the purchaser under the judgment, took, subject to her rights, whatever they might be. That such is the effect of the constructive notice arising from possession, is well-established. The Bank v. Flagg, 3 Barb. Ch., 316; West-brook v. Gleason, 79 N. Y., 35; Brown v. Volkening, 64 id., 76. Although the doctrine took its origin from the inter *64 position of the equity courts upon the theory of preventing frauds (1 Story’s Eq. Jur., § 307), it is nevertheless a principle that has long been recognized at law. Jackson v. Sharp, 9 John's., 163; Jackson v. Burgott, 10 id., 457; 4 Kent’s Com., marg. page 169.
The justice and propriety of protecting the rights of a person who is in open possession of property, are recognized in all the courts everywhere, whatever the true ground may be upon which the jurisdiction of the court is extended and exercised for that object. A recent writer, distinguished for his successful labors in determining and formulating the principles of multitudinous cases, gives another reason for the ride.
His explanation is that registration itself affords but constructive notice, and that any other form or species of constructive notice is the equivalent and has the same effect on the rights of a subsequent purchaser. 2 Pomeroy’s Eq. Jur., § 665.
And when it is established that the constructive notice arising from actual possession has the same effect as registration under the statute, then follows the result that the purchaser under the partition judgment and the plaintiff took a title inferior or subject to the rights of the person in possession at the time of ■ the subsequent purchase. The consequence is that the plaintiff in the partition action, having such constructive notice of the claim of Elizabeth Gittere, ought to have made her a party, and having omitted to do so, her rights were not affected by the judgment. That Elizabeth Gittere was in the actual open possession may be fairly assumed from the statements in and the form of the bill of exceptions.
The plaintiff’s counsel claims that the judgment in the partition which declared that the deeds to Peter G. Gittere and to M. E. Gittere were fraudulent and void binds the defendant and bound Elizabeth Gittere, his devisor, on the ground that Elizabeth Gittere and the defendant were privies to M. E. Gittere, who was made a party defendant.
The defendant and his devisor were not privies_to M. E. Gittere within the meaning of the term, when it is said that a judgment concludes privies. The Code prescribes who are the proper parties to an action for partition, and declares who are bound by the judgment. Sections 1577, 1557, 1538.
Section 1557 says that “each person claiming from, through or under such a party by title accruing after the filing of the judgment-roll, or after the filing in the proper county clerk’s office of a notice of the pendency of the action,” shall be bound.
*65 The plaintiff in the partition action having constructive notice of the title of Elizabeth G-ittere, the latter was a proper party; she could be bound only by being made a party, and, being a proper party, she could not be bound as a privy. “He is a privy who is not a party.” Plowden, 363.
Privies are bound because they are identified with, or their interests are, derived from one who was bound. “And if the parties themselves are concluded, so also should be all those who, since the decision, claim to have acquired interest in the subject-matter of the judgment from or under the parties, as personal representatives, heirs at law, donees or purchasers, and who are, therefore, considered as privies.” Cooley’s Const. Lim. (4th ed. ), 60.
The conclusion is that the motion for a new trial must be granted, costs to abide the event.
Titus, J., concurs; Hatch, J., not sitting.