RUYTER *v.* WICKES *et al.*

(*Supreme Court, General Term, Third Department.* March 16, 1889.)

1. TAXATION—SALE—NOTICE TO MORTGAGEE.

　　Where a purchaser at tax sale of property in the city of Albany has not given any notice of such sale to the mortgagee of the property, and requiring payment of the purchase money, with interest, within six months, as required by Laws N. Y. 1874, c. 356, such purchaser has not acquired a title superior to the mortgage, so as to defeat an action to foreclose.

2. SAME—FORECLOSURE OF MORTGAGE—PARTIES.

　　The purchaser in such case is a proper party defendant in the action to foreclose, as all his rights, viz., to repayment of the amount of the tax and interest, are the proper subject of adjustment in that action.

Appeal from special term, Albany county.

This is an appeal by the defendant Mary B. Reid individually and as executrix, etc., of William Reid, deceased, from a judgment of foreclosure entered in favor of the plaintiff, John Ruyter.

Argued before LANDON and INGALLS, JJ.

*James C. Matthews,* (*Hugh Reilly,* of counsel,) for appellant. *George H. Stevens,* for respondent.

INGALLS, J. We do not perceive that the defendant Mary B. Reid has established any error at the trial which calls for a reversal of the judgment herein. The mortgage sought to be foreclosed is dated March 1, 1874, and was recorded in the clerk's office of Albany county on the 24th day of March, 1874; and was subsequently assigned to the plaintiff, and the assignment was recorded in the same office, February 6, 1888. The whole principal sum is due and payable, with interest thereon from September 1, 1881. The defendant Reid is the only defendant who has appeared in the action, and by her answer she denies that she has or claims to have any interest in or lien upon the mortgaged premises, which has accrued subsequently to the lien of the mortgage; but she alleges that she is the owner of, and has the title to, said premises, and that her title and ownership are paramount and superior to said mortgage and the alleged lien thereof. Upon the trial before the referee, the defendant Reid put in evidence a declaration of sale of the premises described in the mortgage, bearing date September 1, 1876, and a deed thereof dated June 12, 1880, by which the premises were conveyed to William Reid, the husband of the defendant Mary B. Reid, for the period of 1,000 years, which sale of the premises was made for unpaid taxes and water-rents assessed by the city of Albany upon said premises. "Defendant Reid stated that said deeds were offered to show a paramount and superior title in her of premises described in mortgage, and not for the purpose of litigating the superiority of such title, and that she declines to litigate in this action the superiority of her title." The defendant Reid made a motion for a nonsuit, and the dismissal of the complaint, upon the following grounds: The defendant, Mary B. Reid,

individually and as executrix aforesaid, then moved for nonsuit and dismissal of the complaint, so far as she is concerned, on the ground—*First*, that plaintiff has failed to establish the cause of action against her; *second*, that plaintiff has failed to show that she has or claims to have an interest or lien upon the said mortgaged premises which has accrued subsequently to the lien of the mortgage herein; *third*, that the evidence shows (if anything) that the interest or title which the defendant Reid has in the said premises is paramount and superior to said mortgage, or the alleged lien thereof, and cannot be litigated in this proceeding; *fourth*, that the defendant Reid refuses, and has refused, to litigate her said interest, lien, or ownership in this action. Motion denied. Exception by defendant Reid. The plaintiff admitted that said William Reid had been in the possession of the premises in question, since the execution of the treasurer's deed to the time of his death, and that the defendant Reid has since his death continued in the possession thereof. The defendant Reid renewed her motion for a dismissal of the complaint as to her, on the ground that she was not a proper party to the action; that her title was paramount and superior to the mortgage, and could not be litigated in this action. The motion was denied, and she excepted to such decision of the referee. The referee reported adversely to the defendant Reid. The plaintiff thereupon, upon the usual affidavits of the pendency of the action, and of the service of the summons upon the parties defendant, and of the default of the other defendants, procured an order of reference to compute the amount due upon the bond and mortgage, and upon the report of the referee, and upon all of the papers applied to, and obtained from the special term the judgment of foreclosure in this action.

The defendant Reid alone appeals to this court from said judgment. Such defendant requested no findings by the referee, and expressly refused to litigate in this action in regard to her title or interest in or to the mortgaged premises, and rested her defense solely upon the contention that the contract of sale and the deed executed by the treasurer of the county of Albany to William Reid created a title paramount to the lien of the plaintiff's mortgage, and that the validity of such title was not properly the subject of investigation in this action. The case does not show that the purchaser at the tax-sale, or any person in his behalf, gave any notice, written or otherwise, to the mortgagee or the assignee of the mortgage, of such sale, and requiring payment of the purchase money, with the interest at the rate allowed by law, within six months after the giving of such notice, as required by Laws 1874, c. 356, § 2, entitled "An act in relation to the redemption of real estate sold for the non-payment of assessments in the city of Albany." We are convinced that the defendant's contention cannot prevail in view of the facts developed, and the law which applies thereto. All of the rights which the defendant possesses in or to the premises are subject to the provisions of said statute of 1874 referred to, which have been incorporated into the charter of the city of Albany. Laws 1883, c. 298, § 42. The statute provides as follows· "Section 1. No sale of real estate hereafter made for the non-payment of any assessment in the city of Albany shall destroy or in any manner affect the lien of any mortgage therein duly recorded, except as hereinafter provided. Sec. 2. It shall be the duty of the purchaser at such sale to give the mortgagee a written notice of such sale, requiring him to pay the amount of the purchase money, with interest at the rate allowed by law thereon, within six months after the giving of such notice." It seems quite clear that until the notice to redeem had been served, and the period within which payment by the mortgagee, or the assignee of the mortgage, should be required to be made by such notice, as prescribed by the statute, no title to the mortgaged premises ripened in favor of the purchaser at the tax-sale, or any other person claiming under such sale. And as no such notice has been served, the most that such purchaser or his representative can properly claim in this action is that a lien sub-

sequent in date to the plaintiff's mortgage has been created to the extent of the amount paid by the purchaser at the tax sale, with lawful interest thereon. It would therefore seem to follow that the defendant Reid failed to establish at the trial any title to the premises which can be regarded superior to the lien possessed by the plaintiff under his mortgage, in such sense as to defeat the plaintiff's lien, or the action brought by him to enforce the same. In view of all the facts disclosed herein, the defendant Reid was a proper party to this action, as all the rights which she possesses are proper subjects of adjustment herein. *Hospital* v. *Dowley,* 57 How. Pr. 489; *Brown* v. *Volkening,* 64 N. Y. 76. We perceive that the judgment contains the direction "that the officer on making such sale be directed to pay out of the proceeds of the sale all taxes, assessments, and water-rates which are liens upon the property sold." In view of all the facts, and the attitude which the defendant Reid assumed in the action, we are satisfied that no error has been established which calls for a reversal of the judgment, and the same should be affirmed, with costs against appellant.