CHARLES B. BASSETT, RESPONDENT, v. JESSE L. WOOD, APPELLANT, IMPLEADED, ETC.

*Unrecorded mortgage — notice thereof arising from an occupation of a part of the mortgaged premises by the mortgagee.*

In an action, brought to have the plaintiff's mortgage declared to be prior in lien to a mortgage held by the defendant, and for a foreclosure thereof, it appeared that the plaintiff's mortgage was subsequent in date, and earlier in date of record to that of the defendant, but that before the time that either mortgage was given the defendant moved, with his wife and family, into the house on the mortgaged premises, and took possession of a portion of the house, and resided therein with his family, separate and apart from the occupation of the other portions of the house by his son, the mortgagor, up to the time of the commencement of the action; and, further, that by the provisions of the mortgage to him the defendant was given the absolute right to such possession during the life of the parties,

*Held,* that as the defendant's possession was actual, open and visible, and not equivocal, occasional or for a special or temporary purpose, that it constituted. constructive notice to the plaintiff of his interest in the premises, and was sufficient to put the plaintiff upon inquiry to ascertain what the rights of the defendant were in the premises, at least in that portion thereof which was in his actual possession. (MERWIN, J., dissenting.)

APPEAL by the defendant from all that portion of a decree made and entered in the above-entitled action on the 26th day of February, 1889, in the office of the clerk of the county of Delaware, by which the lien, rights and interests of the defendant Jesse L. Wood were declared and decreed to be subsequent and inferior to the rights and mortgage of the plaintiff; and whereby the rights, lien and interest of the defendant Jesse L. Wood were directed to be barred and foreclosed in said action; and whereby the proceeds of the sale of said premises were directed to be first applied to the payment of the plaintiff's mortgage and the costs of this action.

The action was brought for the foreclosure of a mortgage made by the defendant Nathan C. Wood to the plaintiff, and to have the same declared to be a lien upon certain property located in the village of Walton, N. Y., superior and prior to the lien of a mortgage held by the defendant Jesse L. Wood, who was the father of Nathan C. Wood, each of whom occupied a separate portion of the building upon the mortgaged premises. The plaintiff's mortgage was executed on the 10th day of March, 1884, and recorded.

February 18, 1885, in the office of the clerk of the county of Dela-
ware. The defendant Jesse L. Wood's mortgage was executed
February 1, 1872, and recorded in said clerk's office March 24, 1885.

*Marvins & Hanford*, for the appellant.

*Fancher & Sewell*, for the respondent.

MARTIN, J.:

We think the possession of the appellant was such as to amount
to constructive notice of his interest in and lien upon the premises
in question. The learned referee, at the request of the appellant
and upon sufficient evidence, found: " That in the month of August,
1871, and after said house was ready for occupancy, the defendant
Jesse L. Wood (the appellant), moved with his wife and family into
said house and took possession of the south wing thereof and the
south tier of rooms in the body thereof (except the back bed-room
on the second floor), and the south part of the cellar and use of the
back kitchen for washing and use of privy and yards, and took sole
and exclusive possession and control thereof and resided therein
with his family, separate and apart from the occupants of the other
portion of said house, and from that time until the commencement
of this action, and still resides there."

The appellant held possession of the portion of the premises
mentioned under and in pursuance of the provisions of a mortgage
given him by the owner in fee. By the provisions of such mortgage
the appellant was given the absolute right to such possession during
the life of the parties. He was thus in possession when the plaintiff's
mortgage was given. That the appellant's possession was actual,
open and visible, and not equivocal, occasional, or for a special or
temporary purpose, is made quite clearly manifest by the evidence
in this case. His possession was such as to enable a subsequent
grantee or mortgagee to go upon the premises and obtain by inquiry
there, information of his rights in and lien thereon. (*Page v.
Waring*, 76 N. Y., 463, 470.) It is quite obvious that the plaintiff
and the parties interested in the mortgage sought to be foreclosed
must have known, or by proper inquiry would have learned, that
the premises in question were thus occupied by the appellant.

In *Moyer* v. *Hinman* (13 N. Y., 180), the plaintiff was in posses-
sion of a farm under a contract of purchase, and it was held that

that fact was notice to all persons who had subsequently become interested in the premises of all the plaintiff's rights under his contract. In *Gouverneur* v. *Lynch* (2 Paige Ch., 300) it was held that where a vendee is in possession of lands under a contract to purchase, a subsequent purchaser or mortgagee has constructive notice of his equitable rights and takes the lands subject to his prior equity. In *De Ruyter* v. *Trustees of St. Peter's Church* (2 Barb. Ch., 555) it was held that where a person who has an equitable interest in a building erected upon premises belonging to another, by having advanced money for the erection thereof, is in possession of the premises under an agreement with the owner at the time of the execution of a mortgage thereon to a third person, and continues in possession down to the time of the sale of the premises by a master under a decree obtained in a suit brought to foreclose such mortgage, the complainant in the foreclosure suit and the purchaser at the master's sale are bound to take notice of the equitable rights of the tenant, if any such exist, such possession being constructive notice to them of his rights.

In the *Bank of Orleans* v. *Flagg* (3 Barb. Ch., 316) it was held that where the purchaser of premises is in the actual possession thereof by his tenant at the time of the giving of a mortgage thereon to others by the vendor, such possession is constructive notice to the mortgagees of the equitable rights of such purchaser, and they are not entitled to protection as *bona fide* mortgagees without notice of his rights. In *Trustees of Union College* v. *Wheeler* (61 N. Y., 88) it was held that actual occupancy by a purchaser under a contract of sale is constructive notice to a mortgagee of the rights of such purchaser. In *Grimstone* v. *Carter* (3 Paige Ch., 421) it was held that if a purchaser of real property knows that a person other than the vendor is in actual possession thereof at the time of his purchase, or before he has paid the purchase-money and obtained the legal title, he cannot protect himself as a *bona fide* purchaser against the equitable rights of the person in possession, of whom he made no inquiry as to the nature of that possession. In *Cunningham* v. *Pattee* (99 Mass., 252) it was said : " The authorities fully support the doctrine in equity that one who purchases an estate, knowing it to be in the possession of a tenant, is bound to inquire into the nature of the tenant's interests, and will be affected

with notice of the extent thereof. * * * The general rule is, that notice sufficient to make inquiry a duty is notice of all that by reasonable inquiry would have been ascertained." Possession by a tenant is also held to be notice of a collateral agreement held by the tenant for the purchase of the property. (*Knight* v. *Bowyer*, 23 Beav., 609, 641; *Taylor* v. *Stibbert*, 2 Ves., Jr., 437, 440; *Kerr* v. *Day*, 14 Penn. St., 112.)

"Possession is notice only of the legal or equitable interest in the land of the person in possession. It visits the purchaser with notice of every fact and circumstance which he might have learned by making inquiry of the occupant." (Jones on Mortgages, § 601.)

The doctrine of the cases cited, and, indeed, the whole current of the authorities, seem to lead to the conclusion that the occupancy of the premises in question by the appellant constituted constructive notice of his interest therein. It was sufficient to put the respondent upon inquiry that the appellant was in actual possession of a distinct and separate portion of the property, and it was the duty of the respondent to ascertain whether the appellant had any interest in it, and if so, to what extent, and for this purpose to have some communication with or from him. (*Seymour* v. *McKinstry*, 106 N. Y., 238; *Spofford* v. *Manning*, 6 Paige Ch., 383.)

The cases of *Brown* v. *Volkening* (64 N. Y., 76) and *Pope* v. *Allen* (90 id., 298) are not in conflict with this conclusion. In *Brown* v. *Volkening* the premises were wholly unoccupied, and hence the case was clearly unlike the case at bar. In *Pope* v. *Allen* there was no distinct occupancy of the farm by the defendant. Pope and the defendant occupied the land together. Both were members of the same family, and the occupancy proved was equivocal. Those cases are clearly distinguishable from the case at bar.

In the case at bar the occupation of the premises by the appellant was not a joint one, nor was it equivocal. It is true he did not occupy the whole of the premises, but he had actual and exclusive possession of a distinct and separate portion thereof. His possession was both really and apparently independent and exclusive of any possession of that portion by the mortgagor. Such possession was also inconsistent with an absolute and unqualified title and right of possession in the mortgagor. It indicated that the appellant possessed some right therein.

We are of the opinion that the appellant's possession was constructive notice to subsequent mortgagees of his interest in the premises, at least of his interest in that portion of the premises which was in his actual possession. If correct in the foregoing conclusion, it follows that the judgment should be reversed.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., concurred.

MERWIN, J. (dissenting) :

The main question in the case is whether the occupancy of Jesse L. Wood was of such a character as to be constructive notice of his rights under his mortgage. In *Brown* v. *Volkening* (64 N. Y., 83), the doctrine is laid down that the possession which is sufficient to put a person upon inquiry, and which will be equivalent to actual notice of rights or equities in persons other than those who have a title upon record " must be actual, open and visible; it must not be equivocal, occasional, or for a special or temporary purpose; neither must it be consistent with the title of the apparent owner by the record."

This rule was approved in *Pope* v. *Allen* (90 N. Y., 298). In that case the plaintiff claimed title under a deed from N. B. Pope, who derived title under a deed from one Rogers which was on record when plaintiff bought. The defendant claimed that he was the equitable owner; that N. B. Pope, in making the purchase from Rogers, was his agent and wrongfully took title in his own name and without the defendant's knowledge or consent, and that defendant paid the purchase-money; that defendant erected a dwelling-house on the premises at his own expense, and occupied it, and was in possession at the time of plaintiff's purchase. It appeared that prior to the purchase from Rogers, N. B. Pope lived with the defendant as a member of his family, and that after the purchase they moved on to the premises, and Pope lived with the defendant as before. The court said defendant's possession was equivocal and consistent with the record title in Pope, since Pope was also in possession, and there was nothing to indicate that defendant's possession was not subordinate to his, or to suggest hostility to the record title. Upon this subject it is said, in 2 Pomeroy's Equity Juris-

prudence (§ 620): " No mere occupation of the premises in common or in connection with a third person, and no mere acts of ownership equivocal in their nature, over the land, will then suffice."

In the present case it appears that the house was quite a large one, that it was arranged and built for occupation by two families living entirely separate. There was no garden; the yard was occupied in common, as were also certain other privileges in connection with the house. The outside appearance of the house is not shown. It was built by the son, he first moving in, and afterwards the father. The son was in business, the father apparently not. In the house the families lived separate. This continued from 1871 to 1885, the record all the time showing the son to be the owner, and no claim thereto by the father. With considerable force may it be said that such an occupancy by the father was equivocal and not inconsistent with the record title of the son. There was a common use to a certain extent, and the fact that the families lived in the house separate would not materially change the situation. It would be a case where apparently the father was living with the son in the son's house.

The principle adopted and applied in the *Pope Case* substantially applies here. Within that it must, I think, be held that the possession of Jesse L. Wood was not such as to amount to constructive notice. No actual notice is shown.

The plaintiff is in the position of a purchaser for a valuable consideration within the recording act. At the time he took the mortgage he surrendered obligations upon which not only the mortgagor but others were liable, and he also gave time. (*Cary* v. *White*, 52 N. Y., 138.) There was a new and substituted contract.

It is argued by the defendant that the provision in the mortgage giving the mortgagee the permission or right to occupy certain rooms with certain privileges was, in fact, a lease for life, and that the provisions of the recording act do not apply to it, and that, therefore, it is good, as against plaintiff, without recording. The provisions of the recording act do not " extend to leases for life or lives or for years " in the counties of Delaware and certain others. (§ 42 of chap. 3, pt. 2 of R. S.; 1 R. S , 763; 4 id. [8th ed.], 2476.) This provision is taken from chapter 263 of the Laws of 1823. The mortgage in question is not a lease within the meaning of that act. The

father advanced certain moneys upon the agreement by the son to secure them by said mortgage. When the mortgage came to be given the payment of the interest was provided for in a certain way. The father did not become the tenant of the son. No rent was reserved. The son agreed that the interest should be paid in that way, and for any default in that agreement the father was given a remedy by foreclosure. Such is not a characteristic of a lease.

It follows that the judgment should be affirmed.

Judgment reversed on the exceptions and a new trial ordered before another referee, with costs to abide the event.