LANDON, J.
The trial court held that the under the sheriff’s deed could only take the actual interest which the *74 execution debtor, Nathan Beman, had in the premises at the timé the judgment was docketed against him, September 11,1873; and that, as he had, November 5, 1870, by his assignment of the executory contract to Wead, under whom plaintiff holds, parted with all his interest, the sheriff’s grantees took nothing by the deed, and had nothing to protect by recording it. There is no evidence that William S. Douglas and John W. Beman, the purchasers at the sheriff’s sale, had notice, or were charged with notice, of the contract, or of the rights or claims of any of the parties to it. They bid and paid $327 for the land. This is some evidence—perhaps as much as it is reasonable to expect—in support of a negative sought to be proven after the death of the purchaser. We think that the finding of the learned trial judge that William S. Douglas was not a bona fide purchaser, and was not without notice of the lien of the contract, cannot be sustained. This finding seems to be based upon the assumption, stated in the opinion of the learned judge, that “the case is entirely barren of evidence in that particular.” But the burden of showing notice rested upon the plaintiff, who sought to impeach the record purchaser’s good faith. Brown v. Volkening, 64 N. Y. 76. Assuming that William S. Douglass was a purchaser in good faith, and not charged with notice of the contract, then we think that the sheriff’s deed to him and Beman was within the protection of the recording act. It is the law of this state that, in the absence of fraud, a judgment only takes effect upon the actual interest in land which the judgment debtor has at the time of the recovery of the judgment. Banking Co. v. Duncan, 86 N. Y. 221; Frost v. Bank, 70 id. 553; Clute v. Emmerich, 99 id. 342. The judgdebtor, Nathan Betnan, had the legal title, but had sold the equitable title. This naked legal title, destitute of any beneficial interest, the sheriff sold upon the execution to Douglas and John W. Betnan. Apart from the recording act, Douglas and John W. Beman practically acquired nothing. They recorded their deed, and being purchasers in good faith, without notice of the equities arising under the contract of sale, they acquired by their priority of record the better title. Hetzel v. Barber, 69 N. Y. 1. If Nathan Beman, instead of giving a contract of sale, had first given a deed of the land to the plaintiff, and he had failed to record-it, the subsequent recorded dped to the defendants would be preferred. If the unrecorded deed is not protected, much less the contract for it.
The judgment should be reversed, new trial granted, costs to abide event. All concur.