UNITED STATES TRUST CO. OF NEW YORK v. PLEASANT AVE.
REALTY CO. et al.  (No. 7183.)

(Supreme Court, Appellate Division, First Department.  May 7, 1915.)

1. MORTGAGES ⬄476—FORECLOSURE—ADVERSE TITLE—ESTOPPEL.
  While an adverse claim of title arising prior to the execution of a mortgage cannot be tried upon foreclosure proceedings thereof, the question whether the claimant of such title is estopped to assert it as against the plaintiff may properly be decided.
  [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1390–1393, 1417; Dec. Dig. ⬄476.]

2. ESTOPPEL ⬄83—REPRESENTATIONS—TITLE TO LAND.
  Where an occupant of certain premises represented that another was the owner and in possession thereof, and plaintiff in reliance thereon made a loan to such other person, taking a mortgage on the premises as security, such occupant was estopped to assert the claim by adverse possession upon foreclosure of the mortgage.
  [Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 218, 227–229; Dec. Dig. ⬄83.]

3. DOWER ⬄50—BAR—ESTOPPEL OF HUSBAND.
  Where an occupant of premises sought to be foreclosed was estopped to assert title by adverse possession, his wife was likewise estopped from asserting a claim to an inchoate right of dower.
  [Ed. Note.—For other cases, see Dower, Cent. Dig. § 99; Dec. Dig. ⬄50.]

Appeal from Trial Term, New York County.

Action by the United States Trust Company, as trustee under the will of Sarah Lazarus, against the Pleasant Avenue Realty Company and others, to foreclose a real estate mortgage. From a judgment of foreclosure, defendants Andrew Smith and Annie Smith appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Alvin Theo. Sapinsky, of New York City, for appellants.
Harold Swain, of New York City, for respondent.

LAUGHLIN, J.  This is an action to foreclose a mortgage executed on the 14th day of November, 1906, by one Solomon, who owned the record title, and his wife, on premises in the borough of Manhattan, New York, to the Title Guarantee & Trust Company, to secure a bond of even date. The bond and mortgage were duly assigned to Sarah Lazarus, deceased, under whose will the plaintiff holds them as trustee. The defendant Andrew Smith occupied a shanty on part of the premises, and the defendant Annie Smith is his wife. They interposed an answer claiming title to part of the premises in Andrew Smith by adverse possession alleged to have been complete on or before the 14th of November, 1905, which was just one year prior to the date of the bond and mortgage. The appellants concededly never had any record title or title evidenced by any instrument in writing. Andrew Smith first came to this country in May, 1888. His father preceded

him, and occupied the shanty at that time. He claims title from his father, who died on the 2d of October, 1891, by a verbal gift, and that his father obtained title by like gift from one Richardson, the former record owner. He testified that in the year 1888 Richardson informed him that his father owned the property, and there is other testimony tending to show a declaration by Richardson that he had given Andrew Smith's father the property for services. The date of the alleged gift of the property to the father was not shown; nor was the date of the commencement of the alleged adverse possession shown; but on the trial, which was in October, 1914, the appellants claimed to have been in adverse possession for more than 20 years. By their answer, the appellants objected to the trial of their title in this action, and demanded a dismissal of the complaint as to them, and took the same position on the trial, and in support of that contention they invoke the general rule that a claim of adverse title cannot be litigated in a foreclosure action without the consent of the claimant. Cromwell v. MacLean, 123 N. Y. 475, 25 N. E. 932; Jacobie v. Mickle, 144 N. Y. 237, 39 N. E. 66.

[1] The plaintiff, however, contends that the appellants are estopped from asserting title on the ground that the mortgage was given to secure money loaned by the mortgagee, relying upon a representation made by Andrew Smith to the effect that Solomon was the owner and was in possession of all of the premises. The trial court found, on the testimony of one Hatfield, that Andrew Smith represented to the mortgagee before the execution of the mortgage that Solomon was the owner and was in possession of all of the premises, and that the appellants are thereby estopped from asserting any claim to title paramount to the lien of the mortgage. Hatfield testified that two days prior to the execution of the mortgage he called on Andrew Smith on the premises at the request of the mortgagee and stated that the Title Company was examining the title and that he was sent by it to ascertain who was the owner and in possession of the premises; that Smith informed him that Solomon was the owner and in possession of all the premises, and that he made a written report to that effect to the Title Company which was received in evidence. Andrew Smith denied that he so stated to Hatfield; but the trial court was warranted in accepting the testimony of Hatfield, which was probable. The evidence does not clearly show that the appellants had at any time prior to the execution of the mortgage claimed that their title was complete by adverse possession; but by their answer they claim to have had complete title prior to that time. On being informed, as Andrew Smith was, that the Title Company was examining the title, and that it sent a representative to him to ascertain who was the owner and in possession, he was then called upon to assert his title, or claim of title, and by failing to do so I think he is estopped from asserting it as against the lien of the mortgage.

[2] It was held in Brown v. Volkening, 64 N. Y. 76, that a claim of title arising *subsequent* to the execution of a mortgage may be tried in an action to foreclose the mortgage. Although it was not competent for the court in this action to try an adverse claim of title arising

*prior* to the execution of the mortgage, it was, I think, competent for the court to try and decide an issue of estoppel with respect to such title. It is contended that the evidence is insufficient to show an estoppel, for the reason that it does not appear that Andrew Smith was informed that the Title Company contemplated making a loan on the security of the premises. I am of opinion that Smith was sufficiently apprised of the purpose of the Title Company in making the inquiry. He must have known that a conveyance or mortgage of the premises was contemplated, and he was called upon to assert any claim of title which he had at that time, and by failing so to do he is estopped from making the claim now as against the mortgagee which in making the loan relied on his statement and had a right to assume that he made no claim to title by adverse possession.

[3] It is further contended that in no event is Smith's wife estopped from asserting a claim to an inchoate right of dower; but since she must claim through her husband, whose only claim is to title by adverse possession, and he failed to assert that title, I am of opinion that she is also estopped, for so far as appears any interest which she might have had depended entirely on the attitude of her husband. If it had been shown, or if estoppel had been presented tending to show, that her husband *at that time* had title by adverse possession, a different question would be presented as to her, upon which it is not necessary to express an opinion, for no evidence was offered tending to show a claim of title by adverse possession for 20 years before the execution of the mortgage.

It follows that the judgment should be affirmed, with costs. All concur.