DAVID S. PAIGE, Respondent, *v.* EDMUND WARING, Executor, etc., Appellant.

*Court of Appeals, October 5, 1886.*

Affirming 36 Hun, 643, Mem.

*Adverse possession.*—In an action to recover certain awards made to " unknown owners " for the taking of certain land in the city of New York, where plaintiff bases his claim to the awards on adverse possession, it is incumbent upon him to prove that the land was " usually cultivated or improved," or that it was " protected by a substantial inclosure; and, where the appellate court is satisfied that there is some evidence from which the jury can find that both of the conditions mentioned were met during a period of more than twenty years preceding the date of the awards, it will affirm a judgment founded on plaintiff's claim of adverse possession.

Appeal from a judgment of the general term of the supreme court, affirming a judgment in favor of the plaintiff.

*H. H. Anderson*, for appellants.

*John E. Burrill*, for respondent.

EARL, J.—This case has been here once before, (76 N. Y. 463), and the most important legal questions involved were then settled. The action was brought to recover certain awards made to " unknown owners " for the taking of certain lands in the city of New York for the opening of Madison avenue, which awards were paid by the city to defendants' testator, upon his claim to be the owner of the land. Both parties claim the land taken, by title derived from Peter Poillon. His conveyance of the land in the chain of plaintiff's title was made June 21, 1827, and, if that conveyance had been at once recorded, there is no dispute but that plaintiff's title to the land and the awards would have been perfect. But the infirmity in his title arises from the fact that that conveyance was not recorded until August 15, 1867. Poillon's conveyance of the land in Waring's chain of title was dated January 29, 1861, and recorded the next day ; so that the defendants have the best record title, and, if there were nothing more, their title to the money awarded for the land, and paid to their testator, would have been perfect.

There is no evidence that any of the persons under whom the defendants claim were ever in the possession of the land, or ever exercised any acts of ownership over the same. But the plaintiff claims that his grantor was in the actual, open, notorious possession of the land, by his tenant, in January, 1861 ; and hence that, without the rule laid down in Brown *v.* Volkening (64 N. Y. 76), and other cases, there was constructive notice to Poillon's grantee, at that time, of the prior unrecorded deed, and of the rights acquired thereunder. He also claims that for more than twenty years before the land was taken by the city, and the awards made, he, and those under whom he claims, were in the actual possession of the land, claiming under the convey-

ance from Poillon, and hence that his title to the award was perfect on that account.

The persons who knew most about the facts relating to the possession were, at the trial of this action, dead, and hence the evidence as to such possession was not as certain and definite as could be desired. But it was submitted to the jury under instructions as to the law which we must, in the absence of the charge or any exceptions thereto, assume to have been proper and satisfactory, and their verdict in favor of the plaintiff must be regarded as conclusive, so far as there was any evidence upon which it could be based.

To make out the adverse possession in this case, it was incumbent upon the plaintiff to prove that the land was "usually cultivated or improved," or that it was "protected by a substantial inclosure." 2 R. S. 294; Code Pro., § 83; Code Civil Pro., § 370. Here, without going particularly into the evidence, we are satisfied that there was some evidence from which the jury could find that both of the conditions mentioned was satisfied during a period of more than twenty years preceding the date of the awards, and that plaintiff's claim of adverse possession was therefore well founded.

Without, therefore, determining whether, at the date of the second deed of Poillon, to-wit, January, 29, 1861, plaintiff's grantor was in the open, notorious, and actual possession of the land, within the meaning of the case of Brown *v.* Volkening, and other cases cited, we are of opinion that, for the reasons stated, the judgment should be affirmed, with costs.

All concur, except MILLER, J., absent.