### PALMER *v.* SAFT.

(*Superior Court of New York City, General Term.* January 7, 1889.)

LIMITATION OF ACTIONS—ADVERSE POSSESSION—INCLOSURE.

> In ejectment, defendant gave evidence that he and his grantor had been in pos-session of the *locus in quo*, a narrow strip between plaintiff's and defendant's lots, for the statutory period, and had during all that time maintained a board fence around it. *Held*, under Code Civil Proc. N. Y. § 372, providing that a person not claiming under a paper or record title is deemed to be possessed, *inter alia*, where the property "has been protected by a substantial inclosure," that the ques-tion of defendant's adverse possession should have been submitted.

On exceptions from jury term.

Ejectment by Ann Maria Palmer against Gustav H. Saft. The court di-rected a verdict for plaintiff, and ordered defendant's exceptions to be heard in the first instance at general term.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Lemuel Skidmore*, for defendant. *D. D. McCoon*, for plaintiff.

INGRAHAM, J This is an action of ejectment to recover the possession of a strip of land about twenty feet and six inches long by two and one-half inches wide on the rear of the lot claimed by plaintiff, No. 68 West Thirty-Eighth street, which the defendant has occupied in the erection of the east wall of the building on lot No. 70. One of the defenses relied on for the de-fendant was adverse possession since 1860. To sustain that defense, the de-fendant produced on the trial a witness, Marie A. Felter, who testified that she became the owner of the premises owned by the defendant, No. 70 West Thirty-Eighth street, on the 30th of November, 1860, and that she went into actual possession of the premises, and lived there some time in December, 1860; that on the east side of the lot, between it and No. 68, (plaintiff's prop-erty,) was a wood fence,—a board fence,—which ran from the building No. 68 to the stable; that her yard was entirely inclosed by fences and walls, and it remained so all the time she occupied the premises; that none of those fences and walls were changed in their location at any time during the period that

she occupied No. 70; that she lived there until November, 1882, when she sold the premises to Mr. Saft, the defendant; December 5, 1882, was the time when she parted with the possession of the premises; that during the time she was in possession she claimed the whole of the premises as inclosed, and that no one ever made any claim to the contrary to her knowledge; that when she gave to the defendant his deed she put him in possession of the premises, as she held them. The defendant was also sworn as a witness, and testified that he purchased the premises No. 70 West Thirty-Eighth street on December 5, 1882, and that he went into possession of the premises about two weeks afterwards; that between lot 70 and lot 68 was a wooden fence, and that it butted against the rear of lot 68, and stood back a few inches, and ran to the side of the stable; that they had the new building all finished, and then he had a fence put up in the area way, and then this fence was pulled down; that the fence on the east side towards No. 68 was not pulled down until the latter part of March, 1883, and until that time it remained as it had been, and that the defendant claimed all inside the fence; that the fence was never removed until the witness removed it when the building was finished; and that the wall of this building was built up inside of this line fence. Anton Harmony was called on as a witness for the defendant, and testified that he took down the old fence on the east side of this wall, No. 70 West Thirty-Eighth street, and that the defendant's new house was then up all the way. And James P. Niblo testified for the defendant that he was the builder who built the new house on No. 70; that he built the wall of the defendant's new house inside of the fence; and it further appeared that the brick-work on the wall of the new house was commenced November 13, 1883, and that the wall was finished on March 27th. There was no change made in the east fence of No. 70 from the time the defendant took possession until the new building was put up, and the fence finally taken down. At the end of the testimony the defendant asked the court to submit to the jury the question whether defendant had not acquired title by adverse possession to the strip of land in question. The court refused, and defendant excepted. The court then directed a verdict for the plaintiff, and ordered exceptions to be heard in the first instance at the general term.

By section 365 of the Code it is provided that an action to recover real property, or the possession thereof, cannot be maintained by a party other than the people, unless the plaintiff, or his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within 20 years before the commencement of the action; and by section 372 it is provided that, for the purpose of constituting adverse possession of the person claiming title not founded upon a written instrument or a judgment or decree, land is deemed to have been possessed and occupied in either of the following cases: *First*, where it has been protected by a substantial inclosure; and, *second*, where it has been usually cultivated or improved.

We think the evidence in this case was at least sufficient to require the question of adverse possession to be submitted to the jury. The evidence would have justified the jury in finding that the premises in dispute was within the limits of the fence, as it actually existed from December, 1860, to the time it was removed in March, 1883, and that during all that time the defendant and his grantor claimed the title to the whole of the premises included within that fence. The property in dispute was thus inclosed by a substantial inclosure within subdivision 1 of section 372 of the Code, and constituted an adverse possession by the defendant and his grantors of the premises in question; and the plaintiff, not being seized or possessed of the premises within 20 years before the commencement of the action, could not recover. In the case of *Paige* v. *Waring*, 103 N. Y. 636, 8 N. E. Rep. 476, it was held "that the defendant had the best record title, and, if there were nothing more, their title to the money awarded for the land and paid to the testator would

·have been perfect." But plaintiff claimed that for more than 20 years before the land had been taken by the city, and the award made, he, and those un- ·der whom he claims, were in the actual possession of the land claimed under ·a conveyance, and that hence his title to the award was perfect on that ac- ·count; and the court held that, there being some evidence from which the jury could find that the land was protected by a substantial inclosure during a pe- riod of more than 20 years preceding the date of the award, that plaintiff's ·claim of adverse possession was well founded. The exceptions must there- fore be sustained, and a new trial ordered, with costs to the defendant to abide the event of the action.

SEDGWICK, C. J., and FREEDMAN, J., concurred.