HENDERSON v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.    January 9, 1895.)

No. 56.

CUSTOMS DUTIES—TARIFF ACT 1890 — FREE LIST — THEATRICAL PROPERTIES—PART OWNER.

Theatrical costumes imported by one of two joint owners, for their joint use in the production of a theatrical burlesque, are not subject to duty (Tariff Act 1890, par. 686), upon the ground that they were imported for another person as well as for the one arriving with them.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a protest of Wemyss Henderson against the imposing, assessing, and paying of any duty upon certain theatrical costumes

and properties brought by him on the steamer City of New York into the port of New York on May 11, 1892.

It appeared from the complainant's protest and the evidence taken by the board of appraisers that the property was owned jointly by the protestant and his brother, David Henderson, proprietors of the American Extravaganza Company, and were to be used by this company in theatrical representations. The board of appraisers found that "the goods are theatrical effects, assessed for duty under various provisions of the tariff, and claimed to be exempt from duty as professional implements, under paragraph 686, Tariff Act 1890. The articles were imported for the American Extravaganza Company, and arrived in the possession of Mr. Wemyss Henderson, who is, as the protest states, one of the proprietors, owners, and managers of the company. Paragraph 686, in exempting from duty the instruments of occupation of persons arriving in the United States, provides that this exemption shall not include articles imported for any other person or persons. The board is of the opinion that the term 'persons' arriving in the United States means individuals arriving, and that the word 'persons' is not used in a corporate sense. Otherwise a member of a firm or corporation might go abroad and purchase wearing apparel for the whole firm or corporation, and obtain exemption, under paragraph 752. We find that, in bringing in theatrical effects for his co-proprietors or partners in the American Extravaganza Company, Mr. Henderson imported articles for the use of other person or persons. The protest is overruled accordingly." Upon appeal, Wheeler, J., delivered the following opinion: "These theatrical costumes were imported as well for another person as for the one arriving with them, and do not come within the words of the statute making such costumes free as implements of an occupation in some cases. Judgment affirmed." The case is now heard upon a review of the judgment of the circuit court.

A. J. Dittenhoefer, for appellant.

Theatrical costumes and properties are tools and implements of trade and occupation, within the meaning of said provision, and as such are exempt from duty. This, however, is no longer an open question. In December, 1892, this court, in the Huntington Case,[1] following previous decisions, held that theatrical costumes and properties were instruments of trade and occupation, and they are recognized as such in the new tariff. See paragraph 596, Tariff Law 1894. It is not essential that the articles should be used personally by the party bringing them to exempt them from duty, but it is sufficient that they are used in his business or occupation. In the Huntington Case the theatrical costumes were to be used, not only by Miss Huntington, but also by the members of her company, and it was argued that they were, therefore, brought over for "another person," within the meaning of the provision that tools of trade should not be exempt from duty if they were brought over for "another person or persons." Though the point was not raised in the first instance before the board of appraisers, Mr. Wilkinson, in anticipation, disposed of it as follows: "It may be contended that the articles in question were not to be worn by the actress, but that they are intended for use by other members of the company. This contention would seem to be answered by the opinion of the attorney general, which is promulgated in synopsis 8021, with the express concurrence of the department. In his opinion it is held that that portion of that paragraph applies to implements and tools intended for the actual personal use of the importer, or those following the one, in the same trade or occupation, under his personal supervision or employment;" and the objection was overruled on the spot, both in the circuit and this court, and the decision of the board affirmed. As there is no substantial difference between that case and this one, the decision should be controlling. It obviously was not the intention of congress to exempt only such tools, instruments, and implements that were to be used exclusively by the person who brought them over. Such a construction would in effect nullify the law, and lead to the absurdity of making a saw or last dutiable if the owner per-

---

[1] No opinion filed.

mitted his workmen to saw wood or make shoes with the tools instead of doing it himself. It is difficult to understand the distinction made by the board of appraisers between this and the Huntington Case. The board says "that it is of the opinion that the term 'persons' arriving in the United States means individuals arriving." What does this mean? If anything, it applied to Miss Huntington and the members of her company equally as well as it applies to the appellant and his brother, and yet the board held that the Huntington costumes were exempt from duty. Appellant is not to be deprived of the benefit of the exemption, for the sole reason that he is a partner with his brother in the play in which the costumes were to be used. In Mabbett v. White, 12 N. Y. 455, the court say: "The relation subsisting between partners is of the most intimate and confidential nature. They are joint tenants of the stock and effects of the company. Their interests are joint and mutual, and each is seized per my et per tout. Each has entire possession, as well of every part as of the whole, and each of two partners has an undivided moiety of the whole, and not the undivided whole of a moiety." The appraisers, as a reason for their decision, say that a member of a firm might go abroad and purchase wearing apparel for the whole firm. As articles of wearing apparel are not tools or implements of trade, we fail to appreciate the pertinency of the illustration. The appraisers conclude by saying: "We find that, in bringing in theatrical effects for his coproprietors or partners in the American Extravaganza Company, Mr. Henderson imported articles for the use of other person or persons."

Wallace Macfarlane, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The appellant arrived at the port of New York on the steamer City of New York, May 11, 1892, bringing with him upon the steamer for importation certain theatrical costumes and properties, owned by him and his brother as copartners, to be used in a certain play to be produced at a theatre of which he and his brother were the proprietors. The question upon this appeal is whether these importations were exempt from duty under paragraph 686 of the tariff act of 1890, which includes in the free list "professional books, implements, instruments, and tools of trade, occupation, or employment, in the actual possession at the time of the persons arriving in the United States; but this exemption shall not be construed to include machinery or other articles, imported for use in any manufacturing establishment, or for any other person or persons, or for sale." The board of general appraisers decided that the importations were not exempt from duty, but were excluded because the articles were imported as well for another person as for the one arriving with them, and the circuit court, which affirmed the decision of the board of general appraisers, was of the same opinion. We think the construction thus placed upon the statute too narrow and illiberal. The meaning of the restrictive clause, giving the language its natural import, is to exclude from the exemption such articles as are brought by the one arriving with them, not for himself, but for some one else. Its apparent purpose is to suppress a common practice, and prevent the importation free of duty of professional books, etc., which have been procured by the person arriving with them, not for himself, but as a friendly office for some other person. Except for the restrictive clause, all such enumerated articles would escape duty, if brought here by the person arriving

with them. Obviously, it was not the intention of congress to exempt only such tools, instruments, etc., as are to be used exclusively by the person who arrives with them. Such a construction would lead to the absurdity of making professional books dutiable if the owner intended to permit his students to use them, or tools in trade, if he intended to allow his workmen to use them. In the most favorable view for the appellee, the question is one of doubt, and the doubt should be resolved in favor of the appellant, "as duties are never imposed upon the citizen upon vague or doubtful interpretations." Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240. The decision of the circuit court is reversed.