## ROSENFELD v. UNITED STATES.

### (Circuit Court of Appeals, Second Circuit. March 5, 1895.)

### No. 92.

CUSTOMS DUTIES — PROFESSIONAL INSTRUMENTS OR TOOLS OF TRADE—ACTUAL POSSESSION.

> Articles that do not arrive in the United States at the same time or in the same vessel with the importer are not in his "actual possession," within the meaning of Act Oct. 1, 1890, par. 686, placing upon the free list "professional books, implements, instruments and tools of trade, occupation or employment, in the actual possession at the time of persons arriving in the United States."

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application by Carl J. Rosenfeld, the importer of certain theatrical costumes and scenery, for a review of the decision of the board of general appraisers at New York as to the rate of duty on such importations. The circuit court affirmed the decision of the board of general appraisers. The importer appealed.

Hess, Townsend & McClelland, for appellant.

Wallace Macfarlane, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. By paragraph 686 of the tariff act of October 1, 1890, the following articles were placed upon the free list:

> "Professional books, implements, instruments and tools of trade, occupation or employment, in the actual possession at the time of persons arriving in the United States; but this exemption shall not be construed to include machinery or other articles imported for use in any manufacturing establishment, or for any other person or persons, or for sale."

The question before us is whether the articles imported by the appellant were entitled to free entry by the terms of this provision, the claim that they were entitled to free entry under paragraph 752 of that act having been abandoned. It appears by the record that in July, 1891, the appellant caused to be shipped at Berlin, where he then was, for Bremen, with instructions to a broker at Bremen to forward them to this country by the first freight steamer, certain costumes, properties, and scenery belonging to the appellant and his brother, for use by them in theatrical representations to be given in this country. The articles arrived at the port of New York and were entered for duty about the middle of October, 1891. The appellant had meantime taken passage by a steamer which arrived at the port of New York about the middle of July, 1891. We do not doubt that the importations were professional instruments or tools

of trade, and, as such, would have been within the liberal meaning given to those terms in construing statutory exemptions, and entitled to free entry, if they had been in the actual possession of the importer at the time of his arrival in the United States.   As we have lately had occasion to adjudge, in Henderson v. U. S., 66 Fed. 53, the limitation by which the exemption is not to include articles imported "for any other person or persons" is intended to exclude such articles as are brought by the one arriving with them, not for himself, but for some other person, and the fact that they are not to be used by him exclusively is not material.

The exact inquiry is whether articles which do not arrive in the United States at the same time or in the same vessel with the person importing them are to be deemed in his "actual possession at the time of his arriving," within the meaning of the statute.   The previous statutes placing professional implements and instruments of trade upon the free list do not throw any light upon the inquiry, because until the statute in question the only limitation was that the articles should "belong" to persons arriving in the United States, and should not be imported for sale or for use in any manufacturing establishment.   The words "in the actual possession at the time of his arriving" constitute a new and further limitation.   Pursuant to this language, it is not enough that the articles should belong to the person arriving, or be in his possession constructively, but they must be in his actual possession at the time.   "'Actual possession,' as a legal phrase, is put in opposition to the other phrase, 'possession in law,' or 'constructive possession.'"   Churchill v. Onderdonk, 59 N. Y. 134, 136.   "Actual possession exists where the thing is in the immediate occupancy of the party; constructive is that which exists in contemplation of law, without actual personal occupation."   Brown v. Volkening, 64 N. Y. 76, 80.   Literally, and giving the words their ordinary meaning, the "actual possession" of the statute is an open, visible, present occupancy and possession of the articles imported.   In order to leave no doubt that this is the meaning, the actual possession and the arrival of the owner must be coincident. We suppose that articles which are brought with the owner, in the same vessel, are to be deemed in his actual possession at the time of arriving, although they are in the immediate custody of the carrier.   The carrier is his custodian, and the goods, under such circumstances, would be in the actual possession of the owner, equally as if they were in the custody of his personal servant.   If, however, the articles arrive in a different vessel and at a different time from the owner, it would seem plain that they are within the excepted category.

These conclusions lead to an affirmance of the judgment.