CITY BANK OF BAYONNE v. HOCKE et al.   (No. 7427.)

(Supreme Court, Appellate Division, First Department.   June 4, 1915.)

1. MORTGAGES &⊸154—BONA FIDE PURCHASER—CONSTRUCTIVE NOTICE.
    While Real Property Law (Consol. Laws, c. 50) § 291, declares that every conveyance not recorded is void as against a subsequent purchaser in good faith whose conveyance is first recorded, a subsequent mortgagee takes with·constructive notice of the rights of a lessee of part of the premises for term of 10 years, who is in possession, though the lease was not recorded.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 344–353; Dec. Dig. &⊸154.]

2. LANDLORD AND TENANT &⊸26—INSTRUMENTS TO BE RECORDED.
    A lease for a term of over three years is a conveyance subject to record, under Real Property Law, § 291.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 76–79; Dec. Dig. &⊸26.]

3. MORTGAGES &⊸497—FORECLOSURE—EFFECT OF JUDGMENT.
    A judgment foreclosing a mortgage does not give the mortgagee any rights against a lessee in possession when the mortgage was made, though the lessee was made a party, where the complaint contained no allegation as to the lessee, and no issue was tendered, and the summons served stated that no personal judgment was sought.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1469, 1471–1473; Dec. Dig. &⊸497.]

Appeal from Special Term, New York County.

Action by the City Bank of Bayonne to foreclose a mortgage against Julius G. Hocke and another, in which the West Side Laundry Company was impleaded.   On application by the Directors' Investment Company, the grantee of the purchaser at the sale, an order in the nature of a writ of assistance was granted, and the Laundry Company appeals.   Reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Forrest S. Chilton, of Brooklyn, for appellant.

Bernheim & Loewenthal, of New York City (Walter Loewenthal, of New York City, of counsel), for respondents.

CLARKE, J.   Julius G. Hocke was the owner of premises 509–513 West Fiftieth street.   He was also the president of the West Side Laundry Company.   This company had been openly occupying a portion of this building for some years as a laundry, exhibiting its sign thereon, "West Side Laundry Company."   On the 1st of May, 1913, Hocke made a written lease of the portion of the premises occupied by the laundry to John O'Mara for 10 years from said date, with the privilege of renewal for a further term of 10 years, at a yearly rental of $6,194. This lease was not recorded.   O'Mara was then the secretary of the West Side Laundry Company, and said lease was made for the benefit of the corporation.   The lease was on the same day, May 1st, assigned by O'Mara to the Laundry Company, which accepted said lease and

remained in possession of said premises, and has still continued therein. On the 3d day of May, 1913, Hocke made a mortgage to the City Bank of Bayonne of said premises for the sum of $82,000. An action was commenced to foreclose said mortgage, and the West Side Laundry Company was made a defendant; but there were no allegations in the complaint in reference thereto, except the prayer that the defendants and all persons claiming under them, or any of them, subsequent to the filing of the notice of the pendency of the action, may be barred and forever foreclosed of and from all right, title, interest, claim, lien, and equity of redemption in and to the said mortgaged premises. There was also served upon the Laundry Company a summons, with notice that the plaintiff "makes no personal claim against you in this action."

This action went to judgment, which ordered that each of the defendants in this action, and all persons claiming under them, or any of them, after the filing of such notice of lis pendens, or after the filing of such amended notice of lis pendens, be and hereby are forever foreclosed of all right, claim, lien, title, interest, and equity of redemption in and to the aforesaid premises, and each and every part thereof. The property was sold by the referee, and bought in by the City Bank of Bayonne; the deed being dated and recorded on the 19th day of November, 1914. On the 5th of February, 1915, the bank conveyed to the Directors' Investment Company. The bank collected the rental from the Laundry Company from June, 1914, until the date of the deed from the referee, and continued, from said date, November 16, 1914, up to and including the 1st of February, 1915, to accept the stipulated rentals from the Laundry Company. A number of demands were made by the Directors' Investment Company upon the Laundry Company to get out, which were not complied with. Finally this proceeding was brought on by order to show cause why a writ of assistance should not issue. From the order granting the writ, this appeal is taken by the Laundry Company.

[1, 2] The appellant claims that the lease, though unrecorded, is good as against the mortgage because of its priority in time and possession under it by the defendant. Phelan v. Brady, 119 N. Y. 587, 23 N. E. 1109, 8 L. R. A. 211, was an action to foreclose a mortgage upon certain premises given by M., who held an apparently good title to the same, but who had before the execution of the mortgage conveyed the premises to B., who was in possession, and, with her husband, occupied two rooms in the building on the premises. Her deed was not recorded until after the mortgage was given. In affirming a judgment dismissing the complaint the court said:

"Actual possession of real estate is sufficient notice to a person proposing to take a mortgage on the property, and to all the world, of the existence of any right which the person in possession is able to establish."

In Trustees of Union College v. Wheeler, 61 N. Y. 88, it was held:

"That the actual occupancy by the purchasers under the contract of sale was constructive notice to the mortgagee of their rights, and that an assignee of one of the contracts of sale, who took subsequent to the recording of the mortgage was not affected thereby, but stood in place of his assignor."

The respondent claims that the lease from Hocke to O'Mara, under which the West Side Laundry Company claims possession, being for a term exceeding three years and not having been recorded, was void as against the mortgagee, whose mortgage was first duly recorded. There is no question but that the lease for a term exceeding three years is a conveyance. Section 291 of the Real Property Law provides:

"Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor, his heirs or devisees, of the same real property or any portion thereof, whose conveyance is first duly recorded."

In Phelan v. Brady, the court said:

"At the time of the execution and delivery of the mortgage to the plaintiff, the defendant Mrs. Brady was in the actual possession of the premises under a perfectly valid, but unrecorded, deed. Her title must therefore prevail as against the plaintiff. It matters not, so far as Mrs. Brady is concerned, that the plaintiff in good faith advanced his money upon an apparently perfect record of title of the defendant John E. Murphy. Nor is it of any consequence, so far as this question is concerned, whether the plaintiff was in fact ignorant of any right or claim of Mrs. Brady to the premises. It is enough that she was in possession under her deed and the contract of purchase, as that fact operated in law as notice to the plaintiff of all her rights. It may be true, as has been argued by the plaintiff's counsel, that when a party takes a conveyance of property situated as this was, occupied by numerous tenants, it would be inconvenient and difficult for him to ascertain the rights or interests that are claimed by all or any of them. But this circumstance cannot change the rule. Actual possession of real estate is sufficient notice to a person proposing to take a mortgage on the property, and to all the world, of the existence of any right which the person in possession is able to establish [citing cases]. * * * The plaintiff's loss is to be attributed to his confidence in Murphy, who probably deceived him, and to his failure to take notice of Mrs. Brady's possession."

In Brown v. Volkening, 64 N. Y. 76, the court said:

"The statute makes void a conveyance not recorded only as against a subsequent purchaser in good faith and for a valuable consideration. 1 R. S. 756, § 1. Actual notice of a prior unrecorded conveyance, or of any title, legal or equitable, to the premises, or knowledge and notice of any facts which should put a prudent man upon inquiry, impeaches the good faith of the subsequent purchaser. There should be proof of actual notice of prior title, or prior equities, or circumstances tending to prove such prior rights, which affect the conscience of the subsequent purchaser. Actual notice, of itself, impeaches the subsequent conveyance. Proof of circumstances, short of actual notice, which should put a prudent man upon inquiry, authorizes the court or jury to infer and find actual notice. The character of the possession which is sufficient to put a person upon inquiry, and which will be equivalent to actual notice of rights or equities in persons other than those who have a title upon record, is very well established by an unbroken current of authority. The possession and occupation must be actual, open, and visible; it must not be equivocal, occasional, or for a special or temporary purpose; neither must it be consistent with the title of the apparent owner by the record."

[3] The possession and occupation in the case at bar satisfies the rule as laid down. The respondent is not aided by the foreclosure judgment. While the Laundry Company was made a party defendant, the complaint contained no allegations as to it, no issue was tendered, and the summons served upon it specifically stated that no personal claim was made against it. Stillwell v. Hart, 40 App. Div. 112, 57 N. Y.

Supp. 639, was an appeal from an order directing the issuance of a writ of assistance to place the purchaser at the foreclosure sale in possession of the premises. The court said:

"The mortgage, which was the subject of the foreclosure action, bore date December 22, 1890, and Webster, who now claims to be a prior lienor, was made a party defendant in the action to foreclose the mortgage. * * * The complaint, * * * so far as its averments affect Webster, is in the usual form, that the defendants claim or have some interest or lien upon the mortgaged premises, which is subordinate to the lien of the mortgage. It follows, therefore, that Webster's lien would remain unaffected by any judgment which might have been entered under the complaint, unless his lien was in fact subordinate thereto. It appears by the affidavit of Webster, and the agreement which is made a part of the same, that he entered into possession of the premises in pursuance of said agreement; that he has fulfilled the same upon his part, and has paid the purchase price in full, and has been ever since the construction of the building, and prior to the execution of the mortgage foreclosed, in the open, visible possession and occupation of such premises. It is therefore clear that, if these allegations are true, Webster could not be affected in his right or title to the property under any judgment entered in the foreclosure action, and it made no difference as to such rights whether he appeared and answered or made default. Jacobie v. Mickle, 144 N. Y. 237 [39 N. E. 66]. It follows, therefore, that as to Webster he may not be disturbed in his possession and occupation by virtue of this judgment, in consequence of which the writ of assistance is not authorized."

We are of the opinion, under the circumstances disclosed by this record, that the appellant's rights, based upon a prior, though unrecorded, lease and actual possession, should not be determined in a summary proceeding upon affidavits.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs to the appellant. All concur.