GRANT J. KUNZE and NELLIE A. KUNZE, His Wife, Respondents, *v.* MITCHELL ROSENZWEIG and CLARA ROSENZWEIG, His Wife, Appellants, Impleaded with THOMAS J. EGAN, Defendant.

Second Department, February 21, 1919.

Real property — vendor and purchaser — assertion of occupation and claim of ownership by maintenance of " No trespassing " sign — mortgage — duty of mortgagee to inquire regarding operations of mortgagor — suit by purchasers of lots to set aside foreclosure sale — appeal — jurisdiction over non-resident defendant in default.

The erection and maintenance of a " No trespassing " sign in a conspicuous place containing the name and address of the purchaser, constitutes a direct assertion of occupation and a public notice of a claim of ownership.

A mortgage covering several lots following a similar one by the same mortgagor carries with it a duty of inquiry regarding the land operations of such mortgagor whose business of installment lot sales was well known.

In a suit by purchasers of lots to have a foreclosure sale declared null and void, in so far as it affected their property, evidence *held* to sustain a finding that the mortgage was taken with notice of the plaintiffs' rights.

On appeal from a judgment in said suit in favor of the plaintiffs, the question of the jurisdiction over a non-resident grantee from the mortgagee is not before the court, where said grantee is in default.

APPEAL by the defendants, Mitchell Rosenzweig and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Westchester on the 6th day of April, 1917, upon the decision of the court after a trial at the Westchester Special Term.

The judgment decreed a foreclosure sale under a mortgage so far as it affected plaintiffs' lots (Nos. 823 and 824, on the " Fifth Map of Franklin Park " in the town of Harrison, Westchester county) to be null and void, and directed the defendants Rosenzweig to execute and deliver to plaintiffs a proper deed conveying to them all of defendants' interest in such lots. The plaintiffs also recovered from defendants $195.64, costs of the suit. The notice of appeal is from every part of the judgment, and upon the exceptions taken upon the trial and from those served and filed herein. The judgment recites service upon Egan, that he had not appeared or answered, and is in default.

*Charles F. Dalton,* for the appellants.

*Frank Leo Ryan* [*Judson G. Wells* with him on the brief], for the respondents.

PER CURIAM:

While the improvements on these lots did not go as far as those by a like purchaser in *Italian Savings Bank* v. *Le Grange* (169 App. Div. 120), the erection of a wooden signboard on a post in a conspicuous part of the land, reading: " No trespassing, Grant J. Kunze, 597 Prospect Avenue, New York City," was a direct assertion of occupation, and a public notice of a claim of ownership. The court has found such sign to have been maintained continuously from 1907 to 1915, when it was replaced by another sign, with the same name, but the address changed to his new residence.

Against this was testimony by Eugene Medinack that about the date of this 1911 mortgage to Rosenzweig which purported to cover forty-three or forty-five lots, including the two sold to plaintiffs, he saw no such sign or any cultivation; that he walked over all these forty-three lots and located them by pacing off distances from the corners to the particular parcels.

The court, however, refused to make any negative finding on such evidence. No ground is shown to question such

determination. The testimony of Mr. Taylor to having driven over the property and that he saw no sign nor the slightest evidence of cultivation, is also somewhat vague, when we consider the number and extent of the lots then mortgaged. The proof that plaintiffs paid taxes, and made such payments to Mr. Taylor, as supervisor of the town, stands uncontradicted.

This November mortgage followed a similar one by the same Le Grange to the Italian Savings Bank in July, 1911, and carried with it a duty of inquiry regarding the land operations of such a borrower, whose business of installment lot sales was well known. The finding that this $9,000 mortgage was taken with notice of the plaintiffs' rights is well supported.

The question of the jurisdiction over Egan, the non-resident grantee from Rosenzweig, is not before us, since Egan is in default, from which there is no appeal.

The judgment is, therefore, affirmed, with costs.

JENKS, P. J., PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Judgment affirmed, with costs.