LOCADIA MACKENZIE and Others, as Administrators, etc., of WILLIAM P. MACKENZIE, Deceased, Respondents, *v.* ANTONIO AUGIMERI and Others, Defendants, Impleaded with FIRST NATIONAL BANK OF OLEAN, NEW YORK, Appellant.

Fourth Department, July 1, 1924.

Mortgages — priority — purchase-money mortgage was given and recorded but deed was not recorded until after mortgage in question was given by prior owners and recorded — purchasers took possession immediately after deed was given and were in possession at time mortgage in question was given — agent of mortgagee was familiar with farm and visited it before mortgage was given and while purchasers were in possession — possession and occupancy of farm by purchasers was notice to agent — mortgage not entitled to priority over purchase-money mortgage — mortgage cannot be foreclosed until mortgagors are in possession.

A mortgage executed by prior owners of a farm after the farm has been sold and a purchase-money mortgage executed and recorded but before the deed to the farm is recorded is not entitled to priority over the purchase-money mortgage, where it appears that while the mortgagee was not familiar with the farm and never saw the property, his agent was familiar with the farm and visited it prior to the execution of the mortgage and found that the farm was not in the possession of the mortgagors but in the possession of the purchasers, and that he made no inquiry as to the claim of those in possession.

Under the circumstances, the possession and occupancy of the purchasers was notice to the agent that they asserted some right in the property sufficient to put him upon inquiry and to authorize the court to infer and find actual notice that the land did not belong to the mortgagors, and the fact that the prior owners occasionally visited the farm and worked thereon after it was sold is

not controlling, since it is not shown that the agent when he visited the farm saw the prior owners there.

Since the mortgagors were not in actual possession at the time the mortgage was given, this action to foreclose cannot be maintained until such time as they have actually recovered possession.

APPEAL by the defendant, First National Bank of Olean, New York, from a judgment of the County Court of the county of Chautauqua in favor of the plaintiffs, entered in the office of the clerk of said county on the 29th day of January, 1924, upon the decision of the court rendered after a trial before the court without a jury.

*Creighton S. Andrews,* for the appellant.

*Wilson C. Price,* for the respondents.

DAVIS, J.:

The action is for foreclosure and involves the question of priority between two mortgages on a farm in Chautauqua county.

The facts are not greatly in dispute. Two brothers, Antonio and R. Pasquale Augimeri, were in September, 1914, the owners of said farm. In that month they contracted to sell the farm and the stock, tools and implements thereon to Rosiria Carratozzolo. She thereupon took possession of the farm. On November 9, 1915, the Augimeris delivered to her a deed thereof previously executed, and she delivered to them a mortgage for $4,400 as a part of the purchase price. The deed to her was not recorded until April 18, 1919, but the mortgage was recorded December 2, 1915. This mortgage on December 20, 1915, was duly assigned to the First National Bank of Olean as continuing collateral security for the payment of indebtedness due to the bank from the Augimeris. The assignment was recorded January 17, 1916. A subsequent reassignment does not appear to be important. On March 29, 1916, the Augimeris, then apparent owners of record, executed a mortgage on the same premises to William P. Mackenzie, plaintiffs' intestate. This was recorded March 31, 1916.

During this period and subsequently, Mrs. Carratozzolo occupied and worked the farm in the usual manner, planting crops, maintaining a dairy and selling milk to the factory, being assisted in this work by her husband and other laborers, some of whom were relatives, and a part of the time by Antonio Augimeri and his wife. During this period she paid the taxes and bought farm implements and feed.

It is claimed that Mackenzie was a purchaser in good faith, without notice of the prior incumbrance; and that as to him the unrecorded conveyance by the Augimeris to Mrs. Carratozzolo was void under the provisions of section 291 of the Real Property

Law. Mackenzie never saw the property. In making the loan he was represented by a real estate agent named Abrams, who knew the farm well. Abrams had at the time of negotiating the loan an abstract of title on the premises, which did not disclose the deed to Mrs. Carratozzolo nor the mortgage given by her.

It is undoubtedly the rule that subsequent purchasers may rely on prior conveyances being properly recorded and indexed, and are not required to search in strange and unusual places to discover recorded instruments showing hostile title. (*New York Life Insurance Co.* v. *White*, 17 N. Y. 469; *Gillig* v. *Maass*, 28 id. 191; *People's Trust Co.* v. *Tonkonogy*, 144 App. Div. 333.)

The appellant, however, relies on notice to Mackenzie and his agent of a title hostile to that shown by the record. That claim is based upon the possession and occupancy of the premises by Mrs. Carratozzolo for about eighteen months prior to the execution of the Mackenzie mortgage. This fact, so appellant says, was sufficient to put a prudent man upon inquiry if he contemplated loaning money to men not in possession of the property proposed to be mortgaged.

The rule is well established in this State that actual possession of real estate is sufficient notice to all the world of the existence of any right which the person in possession is able to establish. (*Phelan* v. *Brady*, 119 N. Y. 587.) It constitutes constructive notice to a mortgagee of rights asserted by the occupant. (*Trustees of Union College* v. *Wheeler*, 61 N. Y. 88.) The possession of the person claiming superior title must be actual, open and visible occupation, inconsistent with the title of the apparent owner by the record, not equivocal, occasional or for a special or temporary purpose. (*Brown* v. *Volkening*, 64 N. Y. 76; *Holland* v. *Brown*, 140 id. 344.)

Proof of circumstances short of actual notice which should put a prudent man upon inquiry, authorizes the court to infer and find actual notice. (*City Bank of Bayonne* v. *Hocke*, 168 App. Div. 83; *Italian Savings Bank* v. *LeGrange*, 169 id. 120; *Brown* v. *Volkening, supra.*) The doctrine stated is recognized generally in other jurisdictions. (See *Niles* v. *Cooper*, 98 Minn. 39; 13 L. R. A. [N. S.] 49, and notes.)

It appears without substantial contradiction in the record that when Mrs. Carratozzolo took possession, one of the Augimeris was on the farm, showed the premises to her, stayed one day and departed; that he came the next year for a visit and "worked like everybody else." Subsequently he and his wife visited there and were about the place more or less; but it is clear that Mrs. Carratozzolo was in sole charge and management of the farm and

personal property. The Augimeris made their home elsewhere. If when Abrams visited the farm one of the Augimeris was there in apparent occupation and asserting dominion over the property, or if upon inquiry information had been withheld by those in occupation, a different question might be presented. (*Gibson* v. *Thomas*, 180 N. Y. 483.) But no such facts appear. Abrams visited the farm, with which he was familiar, and found it occupied by persons he did not know. He looked the farm over but made no inquiry as to the claims of those visibly in occupation. Evidently he knew the Augimeris, but he never saw them on the farm. Therefore, the presence there of the Augimeris at other times cannot avail plaintiffs, for the mortgagee was not misled or prevented from making inquiry by information or knowledge that the owners of the record title were in apparent possession. Whether the possession of Mrs. Carratozzolo was open and unequivocal might be a question of fact, if there were circumstances to impeach it. (*Kunze* v. *Rosenzweig*, 186 App. Div. 866.) There are no such circumstances presented here brought to the knowledge of Abrams sufficient to warrant a finding that she was not in visible and exclusive occupancy of the premises. The conclusion of law giving priority to the Mackenzie mortgage is not sustained by the facts proved.

The Augimeris were not in actual possession at the time the mortgage was given, and the suit to foreclose cannot be maintained until such time as the mortgagors have actually recovered possession. (Real Prop. Law, § 260, as amd. by Laws of 1910, chap. 628; *Hopkins* v. *Baker*, 140 App. Div. 460.)

It follows that the judgment should be reversed. It may be that on another trial the plaintiffs can prove further facts relative to their lack of notice of occupancy of the premises by others, and furnish excuse for their failure to make proper inquiry, and thereby succeed. If so, we would not be justified in making new findings and rendering final judgment here. (*Howells* v. *Hettrick*, 160 N. Y. 308.)

All concur; HUBBS, P. J., not sitting.

Judgment reversed on the law and facts and a new trial granted, with costs to appellant to abide event. Findings of fact Nos. 13, 14, 15, 20, 21 and 22 and the conclusions of law are disapproved and reversed.