20 N.Y.2d 701 (1967)
Kenneth H. Leeds, Respondent,
v.
State of New York, Appellant. (Claim No. 39478.)
Court of Appeals of the State of New York.
Argued April 3, 1967.
Decided July 7, 1967.
Louis J. Lefkowitz, Attorney-General (Emil Woldar and Ruth Kessler Toch of counsel), for appellant.
Erwin Greenberg for respondent.
Chief Judge FULD and Judges VAN VOORHIS, BURKE and BERGAN concur in memorandum; Judge SCILEPPI dissents and votes to modify in an opinion in which Judges KEATING and BREITEL concur.
*702 MEMORANDUM.
The order appealed from should be affirmed, with costs. The difficulty with the position taken by the dissenting Judges is that the entry upon claimant's land by the State was equivocal with respect to how much land or what property rights were being expropriated. Claimant was not in a position to prepare and file a claim without knowing whether the State was appropriating an easement or fee title or how much land was being taken in either event. This could not be known since no maps, plans or descriptions available to claimant had been filed or in any other manner become binding on the State. When, ultimately, the State did file a map, it showed that a portion of the expropriation was of an easement, and part was taken in fee. Until then the owner could not know what estates were being taken nor what the boundaries were to be of the property being appropriated and therefore could not prepare a claim, even if he was chargeable with notice that the State was taking something but could not tell what or how much. Interest pertains to just compensation, and cannot constitutionally be eliminated unless there is opportunity for the claimant to file a claim as contemplated by the statute. (See La Porte v. State of New York, 6 N Y 2d 1, and cases cited, p. 6.)
Some of the members of the court, agreeing with the foregoing, also think the entry upon the property by the State (regardless of the extent or nature of the occupancy) was not of such nature as to come to the attention of the owner in the ordinary course of events.
SCILEPPI, J. (dissenting).
In La Porte v. State of New York (6 N Y 2d 1, app. dsmd. 361 U. S. 116), it is recognized that interest cannot constitutionally be suspended after the appropriation date unless the claimant has had actual or constructive notice of the appropriation, which would prompt him to file a claim against the State. La Porte was denied interest, where an appropriation map and description had been filed in the *703 County Clerk's office, for the reason that he had not been ousted from possession during the interval between the expiration of six months from the filing of the appropriation map and description and the date of filing of the claim. The holding was that the claimant had no constitutional right, in any event, to recover interest accruing over a period during which he enjoyed full use of the land which was being condemned. An argument was made there that the filing in the County Clerk's office of the appropriation map and description was not sufficient to give notice to the owner that his property was being appropriated so as to prompt him to file his claim which would be necessary to keep the interest running under the wording of subdivision 1 of section 19 of the Court of Claims Act. That was held to have been of no consequence in an instance where, assuming that he was unaware of the appropriation, he nevertheless enjoyed the use of the real property. Whether the filing in the County Clerk's office was enough to give him constructive notice was, therefore, immaterial.
The present appeal presents a situation where, although the map and description were not filed in the County Clerk's office, the State actually dispossessed the claimant by taking possession of the land for which he is to be compensated. Open, visible and notorious possession is the most time-honored form of constructive notice of an adverse claim. "The general rule is that actual possession of real estate is notice to all the world of the existence of any right which the person in possession is able to establish. (1 New York Law of Landlord and Tenant, § 8; Phelan v. Brady, 119 N.Y. 587; City Bank of Bayonne v. Hocke, 168 App. Div. 83; Real Property Law, § 223.)" (Ehrlich v. Hollingshead, 275 App. Div. 742.)
Since claimant in the case at bar was thus put on notice when the State entered upon his property October 9, 1952, he became entitled to interest for six months thereafter, which was thereupon suspended until the filing of his claim on August 5, 1961.
It is no answer that the physical condition of the property was ambiguous as to the extent of taking by the State. Nothing prevented claimant from filing his claim and later amending the claim to conform with the facts as they subsequently developed (see Rules of Court of Claims, rule 16).
*704 Accordingly, the order appealed from should be modified to the extent of withholding interest during the period preceding the filing of the claim on August 5.
Order affirmed.