Scileppi, J.
(dissenting). In La Porte v. State of New York (6 N Y 2d 1, opp. dsmd. 361 U. S. 116), it is recognized that interest cannot constitutionally be suspended after the appropriation date unless the claimant has had actual or constructive notice of the appropriation, which would prompt him to file a claim against the State. La Porte was denied interest, where an appropriation map and description had been filed in the *703 County Clerk’r> office, for the reason that he had not. been ousted from possession during the interval between the expiration of six months from the filing of the appropriation map and description and the date of filing of the claim. The holding was that the claimant had no constitutional right, in any event, to recover interest accruing over a period during which he enjoyed full use of the land which was being condemned. An argument was made there that the filing in the County Clerk’s office of the appropriation map and description was not sufficient to give notice to the owner that his property was being appropriated so as to prompt him to file his claim which would be necessary to keep the interest running under the wording of subdivision 1 of 'section 19 of tire Court 'of Claims Act. That was held to have been of no consequence in an instance where, assuming that he was unaware of the appropriation, he nevertheless enjoyed the use of the reial property. Whether the filing in the County Clerk’s office was enough to give him constructive notice was, therefore, immaterial.
The present appeal presents a situation where, although the map and description were not filed in the County Clerk’s office, the State actually dispossessed the claimant by taking possession of the land for which he is to be compensated. Open, visible and notorious possession is the most time-honored form of constructive notice of an adverse claim. “ The general rule is that actual possession of real estate is notice to all the world of the existence of any right which the person in possession is able to establish. (1 New York Law of Landlord and Tenant, § 8; Phelan v. Brady, 119 N. Y. 587; City Bank of Bayonne v. Hoche, 168 App. Div. 83; Real Property Law, § 223.) ” (Ehrlich v. Hollingshead, 275 App. Div. 742.)
Since claimant in the case at bar was thus put on notice when the State entered upon his property October 9, 1952, he became entitled to interest for six months thereafter, which was thereupon suspended until the filing of his claim on August 5, 1961.
It is no answer that the physical condition of the property was ambiguous as to the extent of taking by the State. Nothing-prevented claimant from filing his claim and later amending the claim to conform with the facts as they subsequently developed (see Rules of Corirt of Claims, rule 16).
*704 " Accordingly, the order appealed from should be modified to the extent of withholding interest during the period preceding the filing of the claim on August 5.
Chief Judge Fuld and Judges Van Voorhis, Burke and Bregan concur in memorandum; Judge Scileppi dissents and votes to modify in an opinion in which Judges Keating and Breitel concur.
Order affirmed.