■ JAMAICA SAVINGS BANK, Appellant-Respondent, v JERRY BREGSTEIN et al., Defendants, and HOWARD D. JOHNSON COMPANY et al., Respondents-Appellants, and ITT CREDIT CORPORATION, Respondent.—In a mortgage foreclosure action, plaintiff and the defendants Howard D. Johnson Company and Howard Johnson Company (Inc.) cross-appeal from an order of the Supreme Court, Queens County, dated July 12, 1974, which, *inter alia,* denied their respective motions for summary judgment. Order affirmed, without costs. In 1969, the then owners of the subject property leased to defendant Howard D. Johnson Company part of a building to be constructed thereon for use as a restaurant and cocktail lounge. The lease provided that it would be subordinate to all bona fide mortgages thereafter placed on the premises upon condition, *inter alia,* that every such mortgage should contain a provision that neither the holder thereof nor any purchaser at a foreclosure sale would deprive the lessee of the use and possession of the leased premises so long as the lessee should fully comply with the terms of the lease and attorn to such mortgagee as its landlord. On February 11, 1970 the owner of the property executed a five million dollar building loan first mortgage to plaintiff's assignor. This mortgage was recorded on February 18, 1970 and specifically excluded from the lien of the mortgage all Howard Johnson property installed or used in the restaurant and cocktail lounge. On March 24, 1970 a memorandum of the lease was recorded (cf. Real Property Law, § 291-c). By February, 1971 the building was completed and, on July 29, 1971, the owner executed a second mortgage for $2,750,000 to plaintiff's second assignor. Both mortgages were assigned to plaintiff and, on August 9, 1971, were consolidated and extended by agreement between the owner-mortgagor and plaintiff. On the same day, the owner deeded the property to defendants Bregstein and Becker subject to the consolidated mortgage. The new owners defaulted in mortgage payments and plaintiff commenced the present action to foreclose the consolidated mortgage. Special Term denied the motion and cross motion for summary judgment on the ground that issues of fact existed which could be resolved only upon a trial. More specifically, Special Term held that there was an issue of fact as to whether the conditions prescribed by the lease as prerequisites to the effectiveness of its subordination clause were in fact complied with. We find no issue of fact as to this. Neither the first nor second mortgage contained the required provision specified in the

lease and mentioned above and, therefore, the subordination clause in the lease did not, as a matter of law, become effective. Special Term also held that a question of fact existed as to whether plaintiff was a purchaser "in good faith" (cf. Real Property Law, § 291) so as to make the prior unrecorded lease void as against plaintiff's first mortgage, which was recorded before the memorandum of lease. The question of plaintiff's good faith depends upon whether it had actual or constructive notice of the existence and terms of the lease (cf. Real Property Law, § 291-c; *Brown v Volkening,* 64 NY 76, 82; *Williamson v Brown,* 15 NY 354, 362; *Mackenzie v Augimeri,* 210 App Div 156, 158). The rights and priorities of the parties turn on this issue, which is one of fact, and which can be resolved only after a plenary trial. Only then, as Special Term noted, will the court be required to reach the question as to the validity of the affirmative defense that plaintiff's first mortgage lost its validity because it was consolidated with a later second mortgage. Hopkins, Martuscello, Brennan and Shapiro, JJ., concur; Rabin, Acting P. J., not voting.